**F. W. PITTS et al., Appellants,**

v.

**William B. CAMP, Comptroller of the Currency of the United States, Appellee.**

**No. 71–1965.**

United States Court of Appeals, Fourth Circuit.

Argued March 7, 1972.

Decided June 28, 1972.

Rehearing Denied Aug. 30, 1972.

Benny R. Greer, Darlington, S. C. (Greer & Chandler, Darlington, S. C., on brief) for appellants.

Walter H. Fleischer, Atty., Dept. of Justice (L. Patrick Gray, III, Asst. Atty. Gen., Stanton R. Koppel and Robert E. Kopp, Attys., Dept. of Justice, and John K. Grisso, U. S. Atty., and Wistar

D. Stuckey, Asst. U. S. Atty., on brief), for appellee.

Before BRYAN, BUTZNER and FIELD, Circuit Judges.

ALBERT V. BRYAN, Circuit Judge:

An application for the organization of The First National Bank of Hartsville, South Carolina, was filed by F. W. Pitts and others with the Comptroller of the Currency in August 1967, under the provisions of the laws of the United States, 12 U.S.C. §§ 21–27.[1] The request was rejected originally on April 15, 1968, and upon reconsideration on July 29, 1969. The soul of the Comptroller's decision was that "we were unable to reach a favorable conclusion as to the *need* factor". (Accent added.) The determination was stated in letters from the Comptroller to the applicants' attorney.

Concededly, the application complied with all of the statute's essentials. On that basis, suit was brought in the District Court to compel the Comptroller to grant the bank charter. No evidence was taken, decision going for the Comptroller on his motion, with affidavits, for summary judgment. Appealing, the applicants attack the denial on the ground that no hearing was granted them by the Comptroller prior to his decision. Also, it is averred that his action was arbitrary and capricious, wholly without supporting proof. Lastly, the appellants assert that the need for a new bank is a factor beyond the Comptroller's scope of consideration.

The District Judge upheld the Comptroller, although he was doubtful that the statute "commits the determination of * * * need to the Comptroller's discretion". However, he was persuaded by the "long and continued practice of the Comptroller of considering the need of the community". Continuing he said,

---

1. It is to be noted that this case involves the original establishment of a national bank, and not a question of allowing the creation of a branch to an existing institution. The latter is covered by 12

U.S.C. § 36(c) and is the subject of the more frequent precedents, such for example as First-Citizens Bank & Trust Co. v. Camp, 409 F.2d 1086 (4 Cir. 1969).

"Although acknowledging that the plaintiffs presented a convincing case in favor of establishment of their bank, the court cannot say that the conclusion of the Comptroller is not adequately supported under the substantial evidence rule."

It is unnecessary, we think, to discuss the separate assignments of error ascribed by the appellants to the District Court. This is because in itself the ruling of the Comptroller is unacceptable. It does not comply with the bare, fundamental principle of agency decision: that its basis must be stated. FTC v. Sperry & Hutchinson Co., 405 U.S. 233, 92 S.Ct. 898, 31 L.Ed.2d 170 (1972). *Sperry* reiterated the precept of SEC v. Chenery Corp., 318 U.S. 80, 94, 63 S.Ct. 454, 87 L.Ed. 626 (1943), that "[t]he orderly functioning of the process of review requires that the grounds upon which the administrative agency acted be clearly disclosed . . . ." 405 U.S. at 249, 92 S.Ct. at 907. Indeed, the review of the agency action, and relief from any error therein, assured by sections 10(a), (b), and (e) (B) of the Administrative Procedure Act, 5 U.S.C. §§ 702, 703 and 706(2), would be impossible without a statement of such grounds. That the judicial review provisions of the Act apply to the Comptroller is unmistakably written in Association of Data Processing Service Organizations, Inc. v. Camp, 397 U.S. 150, 156–157, 90 S.Ct. 827, 25 L.Ed.2d 184 (1970).

Even a cursory reading of the Comptroller's pronouncement here exposes his failure to observe the insistence of the law that the ground of determination be avowed. To begin with, the first word of the charter's denial appears in this brief letter to plaintiffs' counsel:

"Dear Mr. Herring:

"This will confirm our telegram of today's date regarding the application submitted by you and your associates to organize a National Bank at Hartsville, South Carolina.

"On the basis of information developed by our Field Investigation, together with all other pertinent data relating to the proposal, we have concluded that the factors in support of the establishment of a new National Bank in this area are not favorable.

"We regret to inform you that the application has been disapproved."

The Comptroller's response to the request for reconsideration of his initial ruling was likewise embraced in a letter:

"We have carefully considered the various material developed in connection with the reconsideration of an application for a new National Bank at Hartsville, South Carolina, filed by you and your associates. This review included all of the material submitted by you at various times since the disapproval of the application in April of 1968, as well as the material developed during the course of the most recent field investigation by a National Bank Examiner.

"You and the members of the group would be less than human not to feel strongly on this question which is of such importance to you. On each application we endeavor to develop the need and convenience factors in conjunction with all other banking factors and in this case we were unable to reach a favorable conclusion as to the need factor. The record reflects that this market area is now served by the Peoples Bank with deposits of $7.2MM, The Bank of Hartsville with deposits of $12.8MM, The First Federal Savings and Loan Association with deposits of $5.4MM, The Mutual Savings and Loan Association with deposits of $8.2MM and the Sonoco Employees Credit Union with deposits of $6.5MM. The aforementioned are as of December 31, 1968.

"It was a difficult case and you and your associates certainly presented your side of the case with fairness and diligence. We are unable to find any basis to change the decision as rendered. All we can say to you is that we did give this matter the most

meticulous consideration and reached a conclusion contrary to what you had sought."

Assuming that "need" is a factor to be considered in chartering a bank, obviously the Comptroller did not explain what was embraced in that concept. Questions immediately arising are, for example, whether the need is that of corporate or individual borrowers, local or non-resident depositors, mercantile or development capital, or the creation of desirable competition. Reasonably imaginable are other areas of pertinent consideration, untouched in the Comptroller's communications. Thus upon review, we cannot distinguish what specific factors were considered by the Comptroller, nor whether in denying the application he acted within permissible bounds of discretion.

Consequently we must vacate the judgment of the District Court. Since the Comptroller has twice inadequately and inarticulately resolved the appellants' presentation, we remand the cause for a trial de novo before the District Court rather than to the Comptroller for further consideration. The charter aspirants will open the trial with proof of their application and compliance with the statutory inquiries, and proffer of any other relevant evidence. Testimony may then be adduced by the Comptroller or intervenors manifesting opposition, if any, to the new bank. Thereupon the District Judge will determine, upon a statement of his findings of fact and conclusions of law, whether the appellants have shown by a preponderance of evidence that the Comptroller's ruling is capricious or an abuse of discretion. First Nat'l Bank of Smithfield, North Carolina v. Saxon, 352 F.2d 267, 271–272 (4 Cir. 1965).

Vacated and Remanded.

ORDER DENYING REHEARING

Upon consideration of the petition of the appellee, William B. Camp, Comptroller of the Currency, of the United States, for a rehearing by the original panel of the court and a rehearing en banc, and the panel being of the opinion to deny a rehearing and no judge of the court requesting an en banc rehearing, it is

Ordered that the said petition be, and it is hereby, denied.