**The CENTRAL BANK, Plaintiff,**

v.

**James E. SMITH, Comptroller, et al.,
Defendants.**

**No. 73–C–576.**

United States District Court,
E. D. Wisconsin.

July 31, 1975.

Wickert & Fuhrman by Lawrence G. Wickert and Harold H. Fuhrman, Laikin, Swietlik & Laikin by John P. Roemer, Milwaukee, Wis., for plaintiff.

William J. Mulligan, U. S. Atty. by David B. Bukey, Asst. U. S. Atty., Milwaukee, Wis., for Smith.

William P. McGovern, Oak Creek, Wis., for all other defendants.

## DECISION AND ORDER

MYRON L. GORDON, District Judge.

There are several motions before the court. The defendant Smith has moved for judgment on the pleadings on the grounds of lack of jurisdiction or alternatively for summary judgment. The other individual defendants have joined in Mr. Smith's motion. The plaintiff, Central Bank, has also moved for summary judgment, contending that there is no material issue of fact for trial, and that it is entitled to judgment as a matter of law. The court has before it the comptroller's administrative records on the relevant charter applications.

The Tri City National Bank of West Allis has moved for leave to intervene as a defendant and has submitted a proposed answer to the second amended complaint. The plaintiff has also filed a motion for leave to serve a request for the production of certain documents which would enable its counsel to inspect the stock registers of the Tri City National Bank of West Allis, Tri City National Bank of Hales Corners and the Tri City National Bank of Oak Creek. The request for leave to make such inspection is necessary because on April 1, 1974, this court granted the comptroller's motion quashing discovery. At the time of such order, the court did not have before it the comprehensive administrative record in this case. Such record has now been made available to the court for review. An examination of the record persuades me that the defendants' motion for summary judgment must be granted, and therefore it will be unnecessary for this court to resolve either the application for intervention or the motion for leave to conduct discovery.

The origins of this action are summarized in an unpublished memorandum of the court of appeals dated February 20, 1975:

"On March 20, 1973, defendants applied to the Comptroller for permission to organize a new national banking association to be known as Tri City National Bank of West Allis. This application followed an earlier one, filed April 17, 1970, which had been denied on the ground that existing affiliated banks have not yet adequately established their base. Plain-

tiff contested both applications and was granted a hearing in both instances. On July 25, 1973, the Comptroller, contrary to the recommendation of the Deputy Comptroller, approved defendants' renewed application. In November 1973, the plaintiff filed a complaint in the district court against the Comptroller and the individual organizers of the proposed bank seeking declaratory and injunctive relief. Plaintiff alleged that there exists common ownership, management and control between two existing banks and the Tri City National Bank of West Allis. The result, plaintiff contended, is that the Tri City National Bank of West Allis is a branch bank in violation of Wisconsin law. Defendants argued, however, that the proposed bank is an 'affiliated bank' and that its existence does not violate relevant state branch banking statutes. *See* 12 U.S.C. §§ 161(c), 221a(b), 371c, and 481; Wis.Stats. Ann. § 221.04(j)."

■ In reviewing the conclusions of the comptroller, the scope of the court's review has been clearly described by the United States Supreme Court in *Camp v. Pitts*, 411 U.S. 138, 93 S.Ct. 1241, 36 L. Ed.2d 106 (1973). There the Court said:

"[T]he proper standard for judicial review of the Comptroller's adjudications is not the 'substantial evidence' test which is appropriate when reviewing findings made on a hearing record, 5 U.S.C. § 706(2)(E). Nor was the reviewing court free to hold a *de novo* hearing under § 706(2)(F) and thereafter determine whether the agency action was 'unwarranted by the facts.'" . . .

"The appropriate standard for review was, accordingly, whether the Comptroller's adjudication was 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law,' as specified in 5 U.S.C. § 706(2)(A). In applying that standard, the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court."

■ In my opinion, the record made in this case amply demonstrates that the comptroller investigated the various facets of the application for the new bank with care and rendered an adjudication which cannot be denominated as arbitrary, capricious or an abuse of discretion. Contrary to the plaintiff's allegations, there would appear to be no merit to the contention that due process was short circuited; on the contrary, full and adequate hearings, with notice, were afforded. No useful purpose would be served by this court's analyzing the many details which culminated in the comptroller's administrative approval of the new bank; suffice it to say that the record amply shows that extensive field investigations were held; that public hearings were conducted; that the entire file was carefully analyzed by the comptroller and his staff; and that the final disposition by the comptroller was warranted and reasonable.

■ I find no merit to the plaintiff's contention that overlapping stock ownership constitutes branch banking and necessitates an upsetting of the comptroller's conclusions. *Camden Trust Co. v. Gidney*, 112 U.S.App.D.C. 197, 301 F.2d 521, 525 (1962), cert. denied, 369 U.S. 886, 82 S.Ct. 1158, 8 L.Ed.2d 287 (1962).

Therefore, it is ordered that the defendants' motion for summary judgment be and hereby is granted.

It is also ordered that the plaintiff's motion for summary judgment be and hereby is denied.

It is further ordered that the plaintiff's action be and hereby is dismissed.