The FIRST BANK AND TRUST COMPANY, Plaintiff, Appellant,

v.

James E. SMITH, Comptroller, etc., et al., Defendants, Appellees.

No. 76–1298.

United States Court of Appeals, First Circuit.

Submitted Aug. 30, 1976.
Decided Sept. 27, 1976.

Michael T. Putziger, Boston, Mass., with whom Roche, Carens & DeGiacomo, Boston, Mass., were on brief for appellant and opposition to motion for summary affirmance.

Leonard Schaitman, Atty., Dept. of Justice, Washington, D. C., with whom John M. Rogers, Atty., Dept. of Justice, Washington, D. C., were on motion for summary affirmance for Comptroller of the Currency, appellee.

Before COFFIN, Chief Judge, McENTEE and CAMPBELL, Circuit Judges.

PER CURIAM.

This action challenging a decision by the Comptroller of the Currency approving an application of defendant-appellee, Middlesex Bank, a national bank, to establish a branch bank in Chelmsford, Massachusetts, first came to us on appeal from the district court's grant of summary judgment in favor of the defendants. *First Bank and Trust Co. v. Smith*, 509 F.2d 663 (1st Cir. 1975). We vacated the judgment and remanded for the district court to determine whether the Comptroller of the Currency took into account the applicable state standard, as required by 12 U.S.C. § 36(c)(2), in

approving the application for a branch bank. Under that section, the Comptroller of the Currency may authorize a national bank to open a new branch only if its "establishment and operation are at the time authorized to State banks by the statute law of the State in question . . . and subject to the restrictions as to location imposed by the law of the State on State banks." Massachusetts law allows state banks to establish branch offices if a city's or town's banking facilities are "inadequate for the public convenience." M.G.L. c. 172, § 11. Although the record contained enough to support the Comptroller's approval generally, it did not indicate that the Comptroller had focused on the relevant Massachusetts standard. We remanded for the limited purpose of finding out if the Comptroller had taken into account the applicable state standard. *See Camp v. Pitts,* 411 U.S. 138, 142–43, 93 S.Ct. 1241, 36 L.Ed.2d 106 (1973).

On remand, the Comptroller issued a supplemental opinion specifically noting the relevant requirement of Massachusetts law and stating that he had reexamined the record and reaffirmed his approval. The Comptroller went on to state that the factor of whether or not existing facilities in the community adequately met the public needs and convenience "was considered in connection with the present application." After summarizing earlier findings relating to banking services and facilities in the affected area, on which his original order was based, the Comptroller stated that he was satisfied that "the existing commercial banking facility in applicant's proposed service area is inadequate for the public convenience and that the proposed branch would provide added convenience to the Chelmsford public." Having issued the supplemental opinion, the Comptroller then renewed his motion for summary judgment. The district court granted the motion, finding the supplemental opinion satisfied the mandate of this court on remand and met the standard of review under 5 U.S.C. § 706(2)(A). We agree with the district court and therefore affirm.

■ First Bank and Trust Co.'s (First Bank's) primary contention is that the Comptroller's supplemental opinion is merely a "post hoc rationalization", *Citizens to Preserve Overton Park v. Volpe,* 401 U.S. 402, 91 S.Ct. 814, 28 L.Ed.2d 136 (1971), of the earlier decision and does not reveal that his predecessor, the acting Comptroller, had considered the relevant Massachusetts statute in reviewing the application of Middlesex Bank. Stressing the Comptroller's failure to certify that his predecessor had actually focused on M.G.L. c. 172, § 11, First Bank argues that the Comptroller's reassurance is based only on an asserted practice of "always" considering "whether the existing facilities in the community adequately meet the public needs and convenience . . . whether or not such criterion is imposed by state statute. . . ." But we think the Comptroller's assertion that the relevant standard "was considered" coupled with his reiterated approval of the application in light of the Massachusetts statute is sufficient to establish that his decision was "in accordance with law". 5 U.S.C. § 706(2)(A).

■ First Bank's second argument, that the district court erred in denying First Bank's motion to depose subordinates of the Comptroller, misconceives the limited nature of our remand. In directing the district court to determine from the Comptroller whether he had considered the relevant state standard, we recognized that the Comptroller's "good faith representation of compliance will effectively end judicial review." *First Bank and Trust Co. v. Smith,* 509 F.2d 663, 667 (1st Cir. 1975); *see Camp v. Pitts, supra.* The testimony of subordinates relative to the Comptroller's initial decision was not contemplated and is not necessary to effective judicial review in the absence of circumstances not present here indicating that the Comptroller's representation of compliance is in bad faith. *See South Terminal Corp. v. Environmental Protection Agency,* 504 F.2d 646, 675 (1st Cir. 1974).

*Affirmed.*