**OZARK BANK, Plaintiff,**

v.

**James E. SMITH, Comptroller of the Currency, et al., Defendants.**

**No. 75CV348–S.**

United States District Court,
W. D. Missouri, S. D.

Oct. 26, 1976.

---

1. See 42 U.S.C. § 2000e–5.

2. The plaintiff should indicate under what specific statutory provision such jurisdiction is invoked.

Menefee D. Blackwell, Stephen T. Adams, Blackwell, Sanders, Matheny, Weary & Lombardi, Kansas City, Mo., for plaintiff.

Rex E. Lee, Asst. Atty. Gen., James C. England, Asst. U. S. Atty., Springfield, Mo., Harland F. Leathers and Nicholas H. Diacou, Dept. of Justice, Washington, D. C., for defendant James E. Smith.

Joe C. Greene, Springfield, Mo., for remaining defendants.

## MEMORANDUM AND ORDER

COLLINSON, District Judge.

This is a complaint by which plaintiff seeks judicial review of the final decision of the Comptroller of the Currency approving the application of defendant organizers to establish a national bank. The action is brought under the provisions of 5 U.S.C. § 702 (1970). The cause pends on cross-motions for summary judgment.

On April 29, 1974, application was made to the Comptroller by seven individuals seeking to establish a new national bank in Ozark, Missouri. Plaintiff, a potential com-

petitor of the proposed bank, was notified in May, 1974, that the application had been accepted by the Comptroller. Pursuant to 12 U.S.C. §§ 21–27 (1970), the Comptroller, by and through his agents, made investigation into the application and the surrounding circumstances. Plaintiff and other banks notified agents of the Comptroller of their respective objections to the application. Plaintiff did not demand a formal hearing and one is not required by law. Instead, plaintiff chose to voice its objections by correspondence, discussion and informal meeting with agents of the Comptroller. The Comptroller approved the application in question under the title "Christian County National Bank" on June 21, 1975, and advised the plaintiff of this decision by letter dated June 24, 1975. Plaintiff then proceeded to seek judicial review of the Comptroller's administrative action.

Plaintiff alleges that the Comptroller acted arbitrarily and capriciously and abused his discretion in approving the application on the basis of data contained in the administrative record. Plaintiff further alleges that the Comptroller acted unlawfully in failing to issue findings of fact and conclusions of law in support of his decision.

■ It appears well settled that the Comptroller need not issue formal findings of fact and conclusions of law or an opinion upon approval of an application to charter a new national bank. He may rely on the administrative record as compiled, without further comment. *Camp v. Pitts*, 411 U.S. 138, 93 S.Ct. 1241, 36 L.Ed.2d 106 (1973); *First National Bank of Fayetteville v. Smith*, 508 F.2d 1371 (8th Cir. 1974), *cert. denied*, 421 U.S. 930, 95 S.Ct. 1655, 44 L.Ed.2d 86 (1975). Therefore, plaintiff's allegations in this regard are without merit.

■ The scope of the Court's review in a case such as this is limited to a determination of whether the Comptroller's decision was

> arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, as specified in 5 U.S.C. § 706(2)(A). In applying that standard, the focal point for judicial review should be the adminis-

trative record already in existence, not some new record made initially in the reviewing court.

*Camp v. Pitts, supra*, 411 U.S. at 142, 93 S.Ct. at 1244. Under this standard, the Court

> may not substitute [its] judgment for that of the Comptroller, nor [its] view of the merits for his. Necessarily, the Comptroller's decision must stand where the record discloses the basis and fact for his action, for in that case the Court may not conclude that the Comptroller has abused, exceeded or arbitrarily applied his discretion.

*First National Bank of Southaven v. Camp*, 333 F.Supp. 682, 686 (N.D.Miss.1971), *aff'd. per curiam*, 467 F.2d 944 (5th Cir. 1972).

■ The administrative record which is before this Court for review contains ample evidence upon which the Comptroller could have made his decision of approval. The record shows that Christian County, Missouri, experienced recent population growth (Tr. at 243–244) and that there is reason to expect this growth to continue in the future (Tr. at 21). There is evidence of a recent increase in the number of households and in the total assessed valuation of real property in the county (Tr. at 245). Business development in the county is shown to be good (Tr. at 251–253). Employment is demonstrated to be diversified (Tr. at 254). Ozark, which is the county seat, has been the center of this recent growth, both in population (Tr. at 243–244) and in industry (Tr. at 21 and 255). As well, Ozark is a residential locality for the city of Springfield, Missouri. The new bank is expected to serve loan demands in commercial, agricultural, consumer-financing, and single-family construction areas (Tr. at 23, 71).

The proposed new bank will have a favorable competitive impact by providing an alternative in the community of Ozark to the existing bank (plaintiff Ozark Bank). Of three potential competitors to the proposed new bank (plaintiff Ozark Bank, located in Ozark; Nixa Bank of Nixa, Missouri, and Citizens Bank of Sparta, Missouri), only Ozark Bank chose to oppose the

application of the organizers by the judicial process, although the other banks did send letters with unfavorable comments in regard to the application (Tr. at 106, 116). Plaintiff is the largest of the three potential competitors (Tr. at 25). Plaintiff has recently shown increased deposits and growth in net income (Tr. at 48, 173, 175, 177, 179, 181). Plaintiff possesses a banking monopoly in the Ozark community (Tr. at 42), and it was felt that another bank in Ozark would be competitively healthy (Tr. at 42, 43). There also is evidence in the record that the existing bank in Ozark might not be serving the public interest adequately (Tr. at 14) and that an alternative source of banking would be of benefit to the public (Tr. at 17).

The Court has carefully reviewed the administrative record and finds that there is sufficient evidence therein to support the Comptroller's decision approving the application for the establishment of a new national bank in Ozark, Missouri. Further, the Court concludes that the Comptroller acted lawfully and that his decision to approve the application was not arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law. Accordingly, plaintiff's motion for summary judgment will be denied and defendants' motions for summary judgment will be granted.

For the reasons stated herein, it is

ORDERED that the Comptroller's motion for summary judgment be, and the same hereby is, granted; and it is

ORDERED that the organizers' motion for summary judgment be, and the same hereby is, granted; and it is

ORDERED that plaintiff's cross-motion for summary judgment be, and the same hereby is, denied; and it is

ORDERED that the Clerk be, and hereby is, directed to enter judgment in favor of defendants and against plaintiff.