**FIRST FEDERAL SAVINGS & LOAN ASSOCIATION OF BEMIDJI, the First National Bank of Bemidji, the Northern National Bank of Bemidji, and Security State Bank of Bemidji, Plaintiffs,**

v.

**FEDERAL HOME LOAN BANK BOARD and Jay Janis, Andrew DiPrete, and John H. Dalton, as Members of said Board; and First Federal Savings & Loan Association of Crookston, Defendants.**

Civ. 6–80–237.

United States District Court,
D. Minnesota,
Sixth Division.

May 22, 1980.

John P. Bailey, Smith, Carpenter, Petterson & Bailey, Bemidji, Minn., for plaintiffs.

Edwin M. Odland, Erickson, Erie .& Odland, Crookston, Minn., Milan C. Miskovsky, Gen. Counsel, Harvey Simon, Asst. General Counsel and Jonathon K. Heffron, Trial Atty., Washington, D. C., for defendants.

## MEMORANDUM AND ORDER

DEVITT, Chief Judge.

This action seeks review of a decision by the Federal Home Loan Bank Board permitting defendant First Federal Savings and Loan Association of Crookston to open a branch office in Bemidji, Minnesota. Plaintiffs are First Federal Savings and Loan Association of Bemidji, the only savings and loan institution presently located in Bemidji, and several Bemidji area banks. The plaintiffs assert that the Board's decision to permit a branch office was irrational, arbitrary, capricious, not supported by the evidence, and thus illegal. The case is submitted to the court on cross motions for summary judgment, based on a stipulated record of the proceedings before the Board. The court cannot agree with plaintiffs' contentions and affirms the decision of the Federal Home Loan Bank Board.

It is hard to imagine a case where a plaintiff has a more difficult task than one where a savings and loan institution objects to a decision by the Board that permits a competitor to open a branch office in the institution's market area. By statute the decision to charter a branch office is committed to the Board's discretion, see 12 U.S.C. § 1464(a), and the standard of review is whether the Board's decision was irrational, arbitrary, or capricious. *See, e. g., Camp v. Pitts*, 411 U.S. 138, 142, 93 S.Ct. 1241, 1244, 36 L.Ed.2d 106 (1973); *Fayette-*

*ville Savings & Loan Ass'n v. Federal Home Loan Bank Board,* 570 F.2d 693, 698–99 (8th Cir. 1978). Review is to be based only on the agency record and the "substantial evidence" test is not applicable. Rather, the Board's decision must be affirmed if it has some evidentiary support in the record and is not arbitrary or irrational. *See, e. g., First National Bank of Fayetteville v. Smith,* 508 F.2d 1371 (8th Cir. 1974). Thus, the Board has been vested with a broad discretion by Congress and it is not surprising that the courts routinely affirm decisions by the Board permitting establishment of branch offices. *See, e. g., Federal Home Loan Bank Board v. Rowe,* 284 F.2d 274, 277–78 (D.C.Cir.1960).

By regulations, the Board when reviewing a request to open a branch office must consider four factors: (1) whether there is a necessity for the proposed branch; (2) whether the branch has a reasonable probability of success, (3) whether the branch would cause undue injury to existing home-financing institutions; and (4) the applicant's performance in helping to meet the credit needs of its existing local communities. 12 C.F.R. § 545.14(c). The regulations also provide for public notice, hearings, and written objections. 12 C.F.R. § 545.14(c) and § 543.2.

█ The record of proceedings before the Board clearly establishes that the Board followed the procedures set forth in its regulations; that the Board considered the four factors listed above; that there is ample support in the record for the Board's decision; and that the decision was not arbitrary, capricious, irrational, or otherwise contrary to the law.

█ The administrative record indicates that all sides had the opportunity to submit to the Board, both orally and in writing, their views as to the propriety of allowing a branch office in Bemidji, with supporting evidence. The dispute was fully and fairly heard by the Board, and it is not the task of this court to review the soundness of the Board's decision so long as that decision is not irrational and has some evidentiary support in the record. *See, e. g., Central Sav-*

*ings & Loan Ass'n v. Federal Home Loan Bank Board,* 422 F.2d 504, 507 (8th Cir. 1970).

Defendants' motion for summary judgment is GRANTED.