The FIRST NATIONAL BANK IN SIOUX FALLS, a National Banking Corporation, Plaintiff,

v.

NATIONAL BANK OF SOUTH DAKOTA and all its Branches using the name of First Bank of South Dakota (N.A.)—Sioux Falls, a National Banking Corporation, and John G. Heimann, Comptroller of the Currency, Defendants.

No. CIV 79–4057.

United States District Court, D. South Dakota, S. D.

July 16, 1981.

Michael F. Pieplow of Davenport, Evans, Hurwitz & Smith, Sioux Falls, S. D., for plaintiff.

M. T. Woods of Woods, Fuller, Shultz & Smith, Sioux Falls, S. D. and David A. Ranheim of Dorsey, Windhorst, Hannaford, Whitney & Halladay, Minneapolis, Minn., for defendant National Bank of South Dakota.

Bonnie P. Ulrich, Asst. U. S. Atty., Sioux Falls, S. D., for defendant Heimann.

MEMORANDUM DECISION

NICHOL, Senior District Judge.

The present action is before the Court on the defendants' motions for summary judgment. The plaintiff First National Bank in Sioux Falls (First Sioux Falls) challenges the decision of the defendant Comptroller

of the Currency (Comptroller) allowing the defendant National Bank of South Dakota (National Bank) to change its name to First Bank of South Dakota (N.A.). The plaintiff alleges that the Comptroller's action granting the name change was arbitrary, capricious, an abuse of discretion and unsupportable on the record. The plaintiff further alleges that the Comptroller's procedure for hearing plaintiff's objections was inadequate, arbitrary and not calculated to provide a full and fair hearing of the controversy.

On March 21, 1979, the defendant National Bank applied to the Comptroller for permission to change its name, pursuant to 12 U.S.C. section 30 (1959). The First National Bank in Sioux Falls and the First National Bank of the Black Hills opposed the defendant's name change and requested a public hearing to present evidence in opposition to the name change. A public hearing was held in Minneapolis, Minnesota, on May 31, 1979, before the Comptroller's Regional Administrator of National Banks. At this hearing, seven witnesses appeared for the applicant National Bank and four witnesses appeared for the protestants, First National Bank in Sioux Falls and First National Bank of the Black Hills. Each party presented testimony and exhibits and cross-examined adverse witnesses. Following the hearing, all parties submitted post-hearing briefs to the Comptroller's office. On September 5, 1979, the Comptroller granted preliminary approval of the defendant's name change application.

The present case was filed prior to approval of the name change by the Comptroller, although action was not taken on the case until October 3, 1979, when this Court issued a preliminary injunction prohibiting the defendant National Bank from

adopting its new name until such time as the issues before the Court were decided.[1]

The defendants have moved for summary judgment on all counts. For the reasons stated *infra* the Court grants summary judgment in favor of the National Bank and the Comptroller and dismisses the claims of the plaintiff First Sioux Falls.

Congress has delegated to the Comptroller of the Currency authority to investigate and grant or withhold approval of name change applications by national banks. 12 U.S.C. section 30. The regulations applicable to name change applications are found at 12 C.F.R. sections 4.2, 5.1–5.14. In addition, the Comptroller in October, 1976, promulgated the following policy statement relating to name changes:

> The Office of the Comptroller of the Currency (OCC) considers an application for change in corporate title to be primarily a business decision of the applicant. Such applications will be approved subject to the following limitations.
>
> The proposed title must be sufficiently dissimilar from any other existing or proposed unaffiliated bank or depository financial institution, so as not to substantially confuse or mislead the public in a relevant market.

41 Fed.Reg. 47964, 47968.

The appropriate standard of review by the Court is whether the Comptroller's decision was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." 5 U.S.C. section 706(2)(A) (1966). The focal point for judicial review is the administrative record as a whole. *Camp v. Pitts*, 411 U.S. 138, 93 S.Ct. 1241, 36 L.Ed.2d 106 (1973) (Per Curiam). The United States Supreme Court has described the "arbitrary and capricious" standard of

1. First Sioux Falls initiated this lawsuit on May 4, 1979, in state court on a theory of unfair competition. The National Bank removed the action to federal court on May 9, 1979. On mutual agreement of the parties, this action was held in abeyance pending the final decision of the Comptroller. On September 24, 1979, First Sioux Falls filed a motion for leave to amend the complaint and for a preliminary injunction. The Court granted the plaintiff's

motion for a preliminary injunction on October 3, 1979. The plaintiff's amended complaint filed October 11, 1979, alleged (1) unfair competition and (2) abuse of discretion by the Comptroller. The plaintiff's first cause of action was dismissed on October 11, 1979, on the ground of federal preemption. At that time the Court also ordered that the Comptroller be made a party to the action.

review as a narrow one, requiring a clear error of judgment. *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 416, 91 S.Ct. 814, 823, 28 L.Ed.2d 136 (1971). The Eighth Circuit Court of Appeals has stated that an administrative action may be regarded as arbitrary and capricious only where there is no rational basis to support the decision. *First National Bank of Fayetteville v. Smith*, 508 F.2d 1371, 1376 (1974).

▮ Before the Court can set aside an administrative action as arbitrary and capricious, the party challenging the action must prove that the decision was willful and unreasoning, without consideration, and lacked regard for the facts and circumstances of the case. *Fayetteville v. Smith, supra* at 1376. Although the plaintiff raises convincing arguments as to the potential confusion that may develop as a result of the Comptroller's decision, the plaintiff has failed to show that the Comptroller's decision was a "willful and unreasoning" action.

The Court's decision must be based on the administrative records as a whole and even though the Court may not agree with the decision reached by the Comptroller, it is well established that the reviewing court cannot substitute its judgment for that of the agency. *Overton Park v. Volpe, supra* at 416, 91 S.Ct. at 823; *Fayetteville v. Smith, supra* at 1378. While it is true that much of the evidence did not favor the proposed name change, the decision of the Comptroller was not without some support in the record. The Court concludes that, taken as a whole, there is support in the

record which forms a rational basis for the Comptroller's decision. The plaintiff has failed to meet the burden of showing by a preponderance of the evidence that the Comptroller's decision to approve defendant's name change application was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law.

In arriving at this conclusion the Court has considered as relevant factors the guidelines set forth in the Comptroller's policy statement relating to name change applications. There is adequate documentation in the administrative record to support a finding of business justification for the desired name change and the record reflects a rational basis for the Comptroller's conclusion that applicants met the "business decision" standard.[2]

The issue of "substantial confusion" has been hotly debated by both parties. Although this Court recognizes the potential for public confusion and admittedly would not have granted the name change had the original decision rested with this Court, the Court will not substitute its judgment for that of the Comptroller. There is sufficient evidence in the record to form a rational basis for the Comptroller's conclusion that the National Bank's proposed name with the different geographic identifier, *i. e.*, First Bank of South Dakota (N.A.) was significantly dissimilar when compared with names of existing financial institutions, *i. e.*, First National Bank in Sioux Falls, and consequently would not substantially confuse or mislead the public in the relevant market.[3]

---

**2.** The National Bank sought the name change in order to develop a closer association in the public eye between the National Bank, the First Bank System and other bank affiliates of the First Bank System. The National Bank is now one of the only banks in the First Bank System without the words "First" or "First Bank" as a part of the corporate title. The Comptroller concluded in its supplemental opinion that the National Bank's desire to strengthen its identity with the holding company and to engage in more efficient marketing of the common financial services provided by affiliates of the First Bank System was a legitimate business reason for the name change.

**3.** The plaintiff introduced evidence of confusion resulting from similar name changes in Aberdeen, South Dakota, and Fargo, North Dakota. There is also, however, evidence to support the Comptroller's conclusion that the confusion was not with the general banking public but rather resulted from internal problems at the post office and the Federal Reserve Bank. Further, the defendant·bank introduced evidence that no substantial confusion resulted when the First Bank System affiliates in North Dakota changed names to incorporate the words "First Bank," even though there were competing banks in the same cities using the word "First" in their corporate titles.

■ Finally, First Sioux Falls alleges that the Comptroller's procedure for hearing plaintiff's objections was inadequate, arbitrary and not calculated to provide a full and fair hearing of the controversy. The administrative file shows that the plaintiff had advance notice of the hearing date and the procedures to be followed at that hearing. The plaintiff failed to object to the outlined procedures prior to the hearing, at the hearing, ·or in its post-hearing brief. It was only after the Comptroller granted the National Bank's application that the plaintiff alleged defects in the Comptroller's hearing procedures. The plaintiff cannot await the outcome of an agency's decision and when the findings are unfavorable, attack the decision on procedural grounds not called to the agency's attention. *First-Citizens Bank and Trust Co. v. Camp,* 409 F.2d 1086, 1088–89 (4th Cir. 1969). National Bank's application was processed in accordance with the regulations applicable to name change applications found at 12 C.F.R. sections 4.2, 5.1–5.-14; this is all that is required. *First National Bank of Fairbanks v. Camp,* 465 F.2d 586, 604 (D.C. Cir. 1972).

Although the Court dismissed the plaintiff's state common law unfair competition cause of action on October 11, 1979, the plaintiff has requested the Court to review that decision. The Court declines to review that claim based on the Eighth Circuit's recent decision in *State of North Dakota v. Merchants National Bank and Trust Company,* 634 F.2d 368 (1980) (En Banc), where the Court held state unfair competition laws are preempted by the National Bank Act, 12 U.S.C. section 30, insofar as such laws apply to Comptroller-approved name changes by national banks. As the Eighth Circuit points out, however, this does not preclude First Sioux Falls from initiating a state unfair competition action "(i)f the (National Bank) incorporates its new name in a deceptive, confusing, or misleading logo, letterhead, advertisement, or the like." *Id.* at 382.

The foregoing decision constitutes the Court's findings of fact and conclusions of law in accordance with Rule 52 of the Federal Rules of Civil Procedure. Counsel for defendant National Bank may prepare an appropriate judgment, including an order dissolving the preliminary injunction heretofore entered.