AUTEK SYSTEMS CORP., Plaintiff,

v.

UNITED STATES of America,
et al., Defendants.

Civ. A. No. 93–0116–LFO.

United States District Court,
District of Columbia.

Oct. 22, 1993.

Lucia E. Casale and Kenneth W. Irvin, Washington, DC, 20005, for plaintiff.

Patricia Carter, Asst. U.S. Atty., Washington, DC, for defendants; David Fishman, Office of Gen. Counsel, Small Business Admin., of counsel.

*MEMORANDUM*

OBERDORFER, District Judge.

This action challenges a decision by the Small Business Administration (SBA) that plaintiff, a minority-owned contractor, was ineligible for participation in defendants' Minority Small Business and Capital Ownership Program, established under section 8(a) of the Small Business Act, 15 U.S.C. § 637(a) (the "8 (a) program"). The statute requires participants in the program to demonstrate both social and economic disadvantage. Defendants denied plaintiff's application for the 8(a) program on the ground that plaintiff had failed to demonstrate economic disadvantage. For the reasons set forth below, an accompanying Order grants defendants' motion for summary judgment and dismisses the case.

I.

The 8(a) program is intended to help small businesses owned and operated by socially and economically disadvantaged individuals to compete in the economy. Companies selected for the program receive preferential consideration for the performance of selected government procurements. The SBA has

**14**

statutory authority to determine eligibility for participation in the program. 15 U.S.C. §§ 634(b)(6), 637(a). Pursuant to this authority, the SBA has set out regulations governing eligibility. *See* 13 C.F.R. §§ 124.101 *et seq.* These regulations define "economically disadvantaged individuals" for purposes of program eligibility as

> socially disadvantaged individuals whose ability to compete in the free enterprise system has been impaired due to diminished capital and credit opportunities as compared to others in the same or similar line of business who are not socially disadvantaged, and such diminished opportunities have precluded or are likely to preclude such individuals from successfully competing in the open market.

13 C.F.R. § 124.106(a)(1)(i). The regulations provide further that one component in assessing economic disadvantage is the personal financial condition of the purportedly disadvantaged individual:

> The specific factors to be considered include, but are not limited to: *the individual's personal income for at least the past two years;* total fair market value of all assets; and the individual's personal net worth.

13 C.F.R. § 124.106(a)(2)(i) (emphasis added).

■ Plaintiff is a California corporation that manufactures specialized automatic test equipment for use with computer and electronic systems. Samuel McCutcheon has been the sole owner of the company since protracted litigation resulted in his forced buyout of two former coowners in 1989. Because McCutcheon is a Native American and member of the Creek Nation, the SBA presumes plaintiff to be socially disadvantaged for purposes of eligibility for the 8(a) program. *See* 13 C.F.R. § 124.105(b)(1). Plaintiff claims that, since McCutcheon became sole owner, McCutcheon and plaintiff have experienced sharply reduced access to capital and credit that has impaired plaintiff's ability to compete. Among the economic difficulties plaintiff catalogs are the refusal of plaintiff's longstanding bank to renew certain loans, the loss of valuable contracts, and substantial legal and medical bills incurred by McCutcheon.

Plaintiff first applied for participation in the 8(a) program in July 1990. The SBA initially denied the application in January 1991, and after plaintiff submitted further evidence the SBA again denied the application in May 1991, claiming that plaintiff had failed to demonstrate economic disadvantage. Plaintiff appealed this second denial to the SBA Office of Hearings and Appeals. In October 1991 an Administrative Law Judge (ALJ), Stephen J. Gross, issued an order allowing plaintiff to continue to pursue its application to the 8(a) program. Plaintiff submitted further evidence.

The SBA in April 1992 again denied plaintiff's application. The SBA found that plaintiff had a negative net worth, but it determined that plaintiff was not economically disadvantaged because, *inter alia*, McCutcheon's income from Autek totaled $475,000 in 1988 and $381,000 in 1989 (the two years prior to plaintiff's application), and the company's business problems resulted from ordinary increases in business costs and the Marine Corps' termination of a substantial contract for faulty performance. Plaintiff again appealed to the ALJ, and in December 1992 the ALJ upheld the denial. He determined that SBA regulations do not require the SBA to compare a socially disadvantaged applicant owner's financial condition to that of nonsocially disadvantaged owners in the same or similar line of business in determining whether the applicant owner is economically disadvantaged; that the SBA may properly determine that a socially disadvantaged individual is not economically disadvantaged based solely upon the individual's income; and that no specific percentile income figure need be used as a cutoff in determining economic disadvantage.

Plaintiff's legal challenge to the SBA's final decision denying plaintiff's participation alleges that the decision is contrary to law, an abuse of discretion, and arbitrary and capricious; that the decision is not supported by substantial evidence on the record, pursuant to the Administrative Procedure Act (APA), 5 U.S.C. § 706(2)(E); and that the record demonstrates that McCutcheon is economi-

cally disadvantaged and that plaintiff therefore qualifies for participation in the 8(a) program. The parties have filed cross-motions for summary judgment and agree that this matter can be resolved without trial because it arises as an appeal from the administrative record.

## II.

Summary judgment is appropriate where, as here, the record presents "no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); see *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). Review of the SBA's determination is limited to the inquiry whether that determination was arbitrary and capricious. *Camp v. Pitts,* 411 U.S. 138, 141–42, 93 S.Ct. 1241, 1243–44, 36 L.Ed.2d 106 (1973). While a searching analysis of the facts is appropriate, the agency's decision should only be overturned where it was not "based on a consideration of the relevant factors" or where "there has been a clear error of judgment." *Citizens to Preserve Overton Park, Inc. v. Volpe,* 401 U.S. 402, 416, 91 S.Ct. 814, 824, 28 L.Ed.2d 136 (1971). The agency's interpretations of law should be given deference where Congress has not expressed a clear intent. *Chevron v. National Resources Defense Council, Inc.,* 467 U.S. 837, 842–43, 104 S.Ct. 2778, 2781–82, 81 L.Ed.2d 694 (1984).

The sole issue in this case is whether the SBA was arbitrary and capricious in its determination that plaintiff was not economically disadvantaged as required for participation in the 8(a) program. The record compels the conclusion that it was not. SBA did not abuse its discretion by considering McCutcheon's income as the dispositive factor in determining whether plaintiff could demonstrate economic hardship. The ALJ reasonably found that the language of 13 C.F.R. § 124.106(a)(1)(i) that directs the agency to

> compare the applicant concern's business and financial profile with profiles of businesses in the same or similar line of business which are not owned and controlled

> by socially and economically disadvantaged individuals

is a general gloss on the term "socially disadvantaged" rather than a procedural directive. This interpretation gains support from the fact that this language is followed in the regulations by § 124.106(a)(2)(i), which sets out in broad terms a wide range of factors that the agency may consider in assessing economic disadvantage. This regulation explicitly places the applicant owner's personal income—in this case, McCutcheon's income of $475,000 in 1988 and $381,000 in 1989—among the factors the agency may consider. Thus, the ALJ reasonably approved the SBA's dispositive use of McCutcheon's income to quantify plaintiff's economic circumstances as an acceptable analysis under § 124.106(a)(2)(i). In establishing the 8(a) program, Congress entrusted the SBA with the responsibility for defining and assessing the required economic disadvantage. Therefore, *Chevron,* 467 U.S. at 842–43, 104 S.Ct. at 2781–82, requires deference to the agency's procedure for weighing the factors it considers. By that standard, the agency's methodology for assessing plaintiff's concrete economic position cannot fairly be called arbitrary and capricious or an abuse of discretion.

These conclusions dictate that defendants' motion for summary judgment must be granted.

## ORDER

For the reasons stated in the accompanying Memorandum, it is this 21st day of October, 1993, hereby

ORDERED: that defendants' motion for summary judgment should be, and is hereby, GRANTED; and it is further

ORDERED: that plaintiff's motion for summary judgment should be, and is hereby, DENIED; and it is further

ORDERED: that this case is hereby DISMISSED pursuant to Fed.R.Civ.P. 56.