# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

---

Argued March 6, 2009                    Decided May 19, 2009

No. 08-5159

BAPTIST MEMORIAL HOSPITAL - GOLDEN TRIANGLE, ET AL.,
APPELLANTS

v.

KATHLEEN SEBELIUS, IN HER OFFICIAL CAPACITY AS
SECRETARY OF THE DEPARTMENT OF HEALTH AND HUMAN
SERVICES,
APPELLEE

---

Appeal from the United States District Court
for the District of Columbia
(No. 1:06-cv-01413-CKK)

---

*Leslie D. Alderman III* argued the cause for appellants.
With him on the brief*s was Kenneth R. Marcus*.

*Jeffrey A. Lovitky* was on the brief for *amicus curiae*
Quality Reimbursement Services in support of appellants.

*Bridgette L. Kaiser*, Attorney, U.S. Department of Health
& Human Services, argued the cause for appellee. With her
on the brief were *Gregory G. Katsas*, Acting Assistant
Attorney General, U.S. Department of Justice, *Jeffrey A.*

*Taylor*, U.S. Attorney, *Michael S. Raab*, Attorney, and *Janice L. Hoffman*, Attorney, U.S. Department of Health & Human Services. *R. Craig Lawrence*, Assistant U.S. Attorney, and *Robert W. Balderston*, Attorney, U.S. Department of Health & Human Services, entered appearances.

Before: KAVANAUGH, *Circuit Judge*, and EDWARDS and WILLIAMS, *Senior Circuit Judges*.

Opinion for the Court filed by *Circuit Judge* KAVANAUGH.

KAVANAUGH, *Circuit Judge*: The Provider Reimbursement Review Board is a governmental tribunal within the Department of Health and Human Services. It adjudicates disputes regarding hospitals' Medicare reimbursements. In this case, the Board denied reimbursement claims submitted by three hospitals – Golden Triangle, St. Joseph, and DeSoto. The hospitals contend that the Board, in denying the claims, incorrectly interpreted and enforced its own procedural rules. The District Court ruled that the Board permissibly applied the relevant procedural directives. The court therefore granted summary judgment to the Board. Because the Board's procedural rules mean what they say and say what they mean, and because the hospitals did not follow them, we affirm.

I

Three hospitals – Golden Triangle in Columbus, Mississippi; St. Joseph in Memphis, Tennessee; and DeSoto in Southaven, Mississippi – appealed to the Provider Reimbursement Review Board regarding certain Medicare decisions denying reimbursement for inpatient hospital services. (We will spare the reader the numbing details of the

reimbursement dispute, as they are not relevant to the procedural issue here.) In 2003, the Board dismissed the hospitals' appeal because the hospitals had violated one of the Board's procedural rules, or "Instructions." In particular, the hospitals had failed to file their "preliminary position papers" in a timely manner. *See* Instruction II.B.I., reprinted in Joint Appendix ("J.A.") 1322.

The Instructions allowed parties to try to reinstate previously dismissed appeals by submitting explanations for their failures to comply with Board procedures. Yet the hospitals in this case did not seek reinstatement of their dismissed appeal through that authorized route. Instead, the hospitals simply attempted to raise the same issues anew in separate appeals. The Board rejected the hospitals' efforts to circumvent the Instructions' reinstatement procedures in this way.

The hospitals then filed a civil action against the Board pursuant to 42 U.S.C. § 1395oo(f)(1). The hospitals argued that the Board's Instructions permitted them to raise issues from dismissed appeals in new appeals to the Board. In response, the Board contended that the hospitals were required to follow the Instructions' reinstatement process but failed to do so. In a thorough opinion, the District Court granted summary judgment to the Board, finding that it had permissibly applied its own procedures in rejecting the hospitals' appeals. The hospitals now appeal. Our review of the District Court's summary judgment decision is de novo.

4

II

A

The parties agree that this case turns on the Board's interpretation of its procedural rules, known as Instructions.

As an initial matter, the hospitals contend that we should afford no deference to the Board's interpretation of its own Instructions. *Cf. Auer v. Robbins*, 519 U.S. 452, 461 (1997). We need not tackle the question of deference: We agree with the Board's interpretation of its Instructions regardless of what, if any, deference we owe it in this case.

We begin with the text of the Instructions. Instruction II.B.I provides: "If you fail to meet the preliminary position paper due date and fail to supply the Board with the required documentation, *the Board will dismiss your appeal for failure to follow Board procedure*." J.A. 1322 (emphasis added). Under this provision, the Board dismissed the hospitals' original appeal because – as all parties agree – the hospitals did not timely file their position papers.

The Instructions also provide guidance about how to reinstate a dismissed appeal. The reinstatement provision, or Instruction I.C.XIII, states that the Board "may consider provider requests to reinstate an appeal that it has dismissed. These fall into two categories, both of which require you to follow specific Board procedures." J.A. 1309. The second category – "Reinstatement of Appeal Dismissed by the Board" – is relevant here. It states in part: "*If you are requesting reinstatement because the Board dismissed your appeal for failure to comply with its procedures, you must explain in detail the reasons why you failed to comply.* In general, this means the reasons you missed a position paper

due date . . . ."   Instruction I.C.XIII.b, J.A. 1309 (emphasis added).

For whatever reason, the hospitals in this case did not follow the authorized avenue for reinstating their appeal. Their failure to do so poses a serious problem because the two Instructions at issue here – one regarding dismissal and the other relating to reinstatement – are textually and functionally interrelated.   The first provides a basis for the Board to dismiss a hospital's claim, and the second provides the means for a hospital to reinstate its previously dismissed appeal.  The most natural reading of Instructions II.B.I and I.C.XIII together is that a hospital must follow this precise procedure in order to reinstate dismissed appeals.   Indeed, the Instructions bluntly reinforce the point, warning:  "Your appeal . . . must follow Board procedures."  *See* Instruction II.B.I.a, J.A. 1296.

Notwithstanding the clear directions in the Instructions, the hospitals gamely argue that they did not need to follow the Instructions to reinstate a previously dismissed appeal.  The hospitals rely on a version of the expressio unius canon and point to a separate provision, Instruction III.B.I.d.   That Instruction cautions that failure to appear at a Board hearing without good cause will lead the Board to "dismiss your case with prejudice."  Instruction III.B.I.d, J.A. 1331.  According to the hospitals, that Instruction's use of the phrase "with prejudice" means that the use of "dismiss" in the dismissal Instruction at issue here means "dismiss *without* prejudice." The hospitals therefore contend that they were free to re-file a new appeal bringing the same claims that had been raised and dismissed in a previous appeal.

The hospitals cannot so easily evade the plain meaning of the Instructions.  The relevant reinstatement provision quite

clearly explains how to reinstate appeals for failure to file a timely position paper and lists certain requirements for doing so – including that the party "explain in detail" its reason for non-compliance. Instruction I.C.XIII.b, J.A. 1309. We do not find it at all plausible to interpret the Instructions to allow a party to ignore the reinstatement provision and instead just file a new appeal raising the same claims.

The hospitals relatedly suggest that the reinstatement provision does not apply to the kind of procedural violation committed by the hospitals in this case – failure to file timely position papers. That argument again flouts the plain text of the Instructions. The reinstatement provision employs expansive language and applies to parties "requesting reinstatement because the Board dismissed your appeal for failure to comply with its procedures." Instruction I.C.XIII.b, J.A. 1309. Furthermore, the reinstatement provision specifically covers dismissals resulting, as in this case, from failure to comply with a "position paper due date." *Id.* It's hard to imagine language more directly on point.

The hospitals also note that the Secretary of Health and Human Services has recently replaced these Instructions and promulgated a new procedural rule, which states that if "a provider fails to meet a filing deadline or other requirement established by the Board in a rule or order, the Board may . . . Dismiss the appeal with prejudice." 42 C.F.R. § 405.1868(b). Another new Board rule states that that "Once an issue is dismissed or withdrawn, the issue may not be appealed in another case." Provider Reimbursement Review Board Rule 4.7 (2008). According to the hospitals, those new regulations show that a dismissal under the previous Instructions was not a dismissal with prejudice. But when a legislative or executive body adopts a new clarifying law or rule, it does not necessarily follow that an earlier version did not have the

same meaning. *Cf. Brown v. Thompson*, 374 F.3d 253, 259 (4th Cir. 2004) (A "change in statutory language need not *ipso facto* constitute a change in meaning or effect. Statutes may be passed purely to make what was intended all along even more unmistakably clear.") (internal quotation marks and alteration omitted); *Piamba Cortes v. American Airlines, Inc.*, 177 F.3d 1272, 1283 (11th Cir. 1999) (An "amendment containing new language may be intended to clarify existing law, to correct a misinterpretation, or to overrule wrongly decided cases. Thus, an amendment . . . does not necessarily indicate that the unamended statute meant the opposite of the language contained in the amendment.") (internal quotation marks omitted).

This case is a good example. Even though the new Board regulations are clearer and remove any possible ambiguity, the earlier Instructions are nonetheless best read as the Board interpreted them: A party whose appeal is dismissed for failure to timely file a position paper must follow the reinstatement provision in order to bring that same claim back before the Board.

B

The hospitals raise a number of additional contentions that warrant only brief discussion.

First, the hospitals insist that the administrative record in this case is inadequate because it does not shed light on how the Board has resolved similar cases. According to the hospitals, the District Court therefore should have permitted discovery into the Board's treatment of analogous situations. This argument misunderstands the proper judicial role in reviewing administrative action under the Administrative Procedure Act. *See Fla. Power & Light Co. v. Lorion*, 470

U.S. 729, 744 (1985) ("The reviewing court is not generally empowered to conduct a de novo inquiry into the matter being reviewed and to reach its own conclusions based on such an inquiry."); *Camp v. Pitts*, 411 U.S. 138, 142 (1973) ("the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court"); *see also* FED. R. APP. P. 16. Although limited discovery in agency cases may be appropriate "when there has been a strong showing of bad faith or improper behavior or when the record is so bare that it prevents effective judicial review," those narrow exceptions do not apply here. *Commercial Drapery Contractors, Inc. v. United States*, 133 F.3d 1, 7 (D.C. Cir. 1998) (internal quotation marks omitted). Therefore, the District Court properly refused to grant discovery to the hospitals.

Second, the hospitals argue that the Board's ruling contravenes a decision by the Secretary of Health and Human Services in a separate case, *Rhode Island Hospital v. Leavitt*, No. 06-260, 2007 WL 294026 (D.R.I. Jan. 26, 2007). There, the Secretary settled a suit involving whether certain issues were part of a previously dismissed appeal. Here, by contrast, it is quite clear that the issue the hospitals are seeking to raise anew was part of their previously dismissed appeal. We see no inconsistency between the Secretary's decision in the *Rhode Island* case and the Board's action in this case. In any event, the *Rhode Island* settlement does not create a binding precedent that the Board must follow in this case. *Cf. High Country Home Health, Inc. v. Thompson*, 359 F.3d 1307, 1314-15 (10th Cir. 2004) ("settlement agreements have no precedential weight, and the mere fact that the Secretary has settled other cases does not make it arbitrary and capricious for him not to settle this one").

Third, the hospitals contend that the Board's original dismissal decision did not apply to the DeSoto Hospital because DeSoto had withdrawn from the dismissed appeal. But DeSoto did not comply with the withdrawal procedures set out in Instruction I.C.XII, J.A. 1308-09. Therefore, the Board appropriately deemed DeSoto part of the dismissed appeal.

Fourth, the hospitals suggest that the original dismissals should not apply to Golden Triangle and St. Joseph because they had complied with relevant deadlines in earlier filed appeals. However, satisfying one deadline obviously does not excuse the violation of another.

Fifth, the hospitals argue that the dismissals were improper because the Board's decisions to dismiss were rendered by one Commissioner and not by a quorum of the Commission, as allegedly required under regulations then in effect. *See* 42 C.F.R. § 405.1845(d) (2003). The hospitals did not raise these arguments in the District Court, and we do not consider them here. *See District of Columbia v. Air Fla., Inc.*, 750 F.2d 1077, 1084 (D.C. Cir. 1984).

Finally, the Quality Reimbursement Services as amicus curiae raises several contentions not raised in the District Court or by the parties to this appeal. We will not consider them. *See id*.; *see also Lamprecht v. FCC*, 958 F.2d 382, 389 (D.C. Cir. 1992).

* * *

We affirm the judgment of the District Court.

*So ordered.*