**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| FOREST SERVICE EMPLOYEES FOR ENVIRONMENTAL ETHICS, | No. 19-35065 |
| Plaintiff-Appellant, | D.C. No. 3:17-cv-05747-RBL |
| v. | MEMORANDUM* |
| UNITED STATES FOREST SERVICE, | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Argued and Submitted December 11, 2019
Seattle, Washington

Before: GRABER and GOULD, Circuit Judges, and EZRA,** District Judge.

Forest Service Employees for Environmental Ethics (FSEEE) challenges the

district court's grant of summary judgment to the United States Forest Service

(Forest Service) on the question of whether the Forest Service complied with the

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

National Forest Management Act (NFMA) by granting the Navy a special use permit to conduct electronic warfare training on National Forest lands. FSEEE contends that the Forest Service did not comply with the Olympic National Forest Land and Resource Management Plan (Forest Plan) requirement that special use permits be granted only "when such use cannot reasonably be accommodated on private land." At issue on appeal is whether the district court improperly supplemented the administrative record in reaching its decision that the Forest Service had complied with that requirement. We affirm.

**1.** In 2010, the United States Navy applied for a special use permit to operate a Mobile Electronic Warfare Training System on Olympic National Forest lands. After several rounds of public comment and objections, the Forest Service approved a special use permit for the Navy on July 31, 2017. FSEEE filed a complaint in the district court challenging the special use permit on several grounds. On cross-motions for summary judgment, the district court held that the Forest Service's decision to grant the special use permit was arbitrary and capricious "by failing to provide any reason for why the Navy's training could not be accommodated on private land, as required by the Forest Plan."[1] However, the district court reserved the motions for summary judgment as to the NFMA claim so

---

[1] The district court granted USFS's motion for summary judgment on FSEEE's other claim, that USFS lacks congressional authorization to grant permits for purposes of military training. That ruling is not before us on appeal.

that the Forest Service could submit further briefing on whether its error was harmless. Along with its supplemental briefing, the Forest Service presented three declarations, from Forest Service and Navy officials. The district court considered two of these declarations after determining that the declarations were explanatory of the agency's decision—not mere post hoc rationalizations—and, thus, that they fit into an exception to the general rule that judicial review of agency action be confined to the administrative record. After supplementing the record with these declarations, the district court this time held that USFS had complied with the requirements of NFMA and the Forest Plan, and it granted summary judgment in favor of the Forest Service. FSEEE timely appealed.

2. We review a district court's decision to supplement the administrative record for abuse of discretion, *Midwater Trawlers Coop. v. Dep't of Commerce*, 393 F.3d 994, 1002 (9th Cir. 2004), and a grant of summary judgment de novo, *Lands Council v. Powell*, 395 F.3d 1019, 1026 (9th Cir. 2004).

Judicial review of agency action is generally limited to the administrative record in existence at the time the agency made its final decision. *Camp v. Pitts*, 411 U.S. 138, 142-43 (1973) (per curiam). An exception exists, however, "if [supplementation is] necessary to determine whether the agency has considered all relevant factors and has explained its decision." *Midwater*, 393 F.3d at 1007 (quoting *Sw. Ctr. for Biological Diversity v. U.S. Forest Serv.*, 100 F.3d 1443,

3

1450 (9th Cir. 1996)). Nonetheless, this exception does not permit supplementation with "post-decision information" that advances a post hoc rationalization for the agency's action. *Sw. Ctr.*, 100 F.3d at 1450.

In considering special use permit applications, the Forest Service is required to "give due deference to the findings of another agency . . . in lieu of another detailed finding." 36 C.F.R. § 251.54(g)(2)(iii). The administrative record contains several references to the fact that the Navy had considered private lands and found them to be inadequate for the electronic warfare training at issue here. For example, the Forest Service's final decision notice states that the special use is consistent with Forest Plan requirements because "the Navy considered alternatives and determined that the actions cannot be accommodated on private lands," and the Navy's August 2013 draft Environmental Assessment gives some explanation of why private lands are inadequate.

Although these references in the administrative record are curt, they suggest that the Forest Service and the Navy considered and rejected the use of private lands. As a result, these statements in the record belie FSEEE's claim that the supplemental declarations at issue in this case—which pertain to pre-decisional discussions between the Forest Service and the Navy—are merely post hoc

4

rationalizations.[2] Instead, the district court had a reasonable basis to conclude that the declarations were relevant to determining "whether the agency has considered all relevant factors and has explained its decision." *Sw. Ctr.*, 100 F.3d at 1450; *see Midwater*, 393 F.3d at 999–002, 1008 (upholding use of supplemental declarations that permitted the agency to "further explain" its decision); *Presidio Golf Club v. Nat'l Park Serv.*, 155 F.3d 1153, 1165 (9th Cir. 1998) ("district court did not err" in considering a litigation affidavit that "explained the Park Service's prior analyses"). And because the administrative record was sparse enough "to frustrate effective judicial review," the district court had discretion to supplement the record with "such additional explanation of the reasons for the agency action" as was necessary. *Camp*, 411 U.S. at 142–43. Although the exception allowing supplementation of the record is to be used sparingly, we conclude that the district court did not abuse its discretion in considering the supplemental declarations under the unusual circumstances here.

3.      In light of the supplemental declarations explaining the agency's

---

[2] The parties dispute which agency decision is being reviewed—the Response to Objections by Forest Supervisor Reta LaFord or the final Decision Notice by Forest Ranger Dean Millett. Although LaFord had authority with respect to *pre-decisional* administrative review, 36 C.F.R. § 218.1, Millett was the "responsible official," 36 C.F.R. § 220.3, who made the final decision to approve the special use permit, so we review his decision. *See* 5 U.S.C. § 704 (judicial review is available for final agency action). Because Millett was present for the discussions attested to in the supplemental declarations, those declarations are relevant to explaining what information he considered in making his decision.

5

decision, the district court correctly held that the Forest Service's approval of the special use permit was not "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."  5 U.S.C. § 706(2)(A).

**AFFIRMED.**