IN RE: SUBPOENA DUCES TECUM SERVED ON THE OFFICE OF THE COMPTROLLER OF THE CURRENCY

Nos. 97–5228, 97–5229.

United States Court of Appeals, District of Columbia Circuit.

Oct. 6, 1998.

Before: EDWARDS, Chief Judge, SILBERMAN and SENTELLE, Circuit Judges.

ON PETITION FOR REHEARING

SILBERMAN, Circuit Judge:

The government's petition for rehearing raises one point that calls for a response. We held that the government's deliberative process privilege does not apply when a cause of action is directed at the government's intent. We explained that the privilege had developed in and applies to circumstances where the government *decision-making* process is "collateral" to a plaintiff's claim. The government suggests that the term "collateral" is imprecise and that the deliberative process privilege has been employed in circumstances where the government's decisionmaking process could not be thought collateral to the cause of action. According to the government, our reasoning could be interpreted as suggesting that the deliberate process privilege would not apply in a case where the government action is challenged as arbitrary and capricious under the APA because, if an illegal motive were shown, then the government's action would necessarily be arbitrary and capricious.

When a party challenges agency action as arbitrary and capricious the reasonableness of the agency's action is judged in accordance with its stated reasons. *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 91 S.Ct. 814, 28 L.Ed.2d 136 (1971). Agency deliberations not part of the record are deemed immaterial. *See Camp v. Pitts*, 411 U.S. 138, 93 S.Ct. 1241, 36 L.Ed.2d 106 (1973); *United States v. Morgan*, 313 U.S. 409, 61 S.Ct. 999, 85 L.Ed. 1429 (1941). That is because the actual subjective motivation of agency decisionmakers is immaterial as a matter of law—unless there is a showing of

bad faith or improper behavior. *See Saratoga Dev. Corp. v. United States,* 21 F.3d 445, 457–58 (D.C.Cir.1994); *Overton Park,* 401 U.S. at 420, 91 S.Ct. 814. (Where there is no administrative record to review, the party challenging the agency action may inquire into the decisionmaking process in order to create such a record, but it does not necessarily follow that the party can also probe subjective motivations.)

Whether or not under those circumstances it is accurate to refer to the agency's decisionmaking process as collateral, it is clear that the ordinary APA cause of action does not directly call into question the agency's subjective intent. And our holding that the deliberative process privilege is unavailable is limited to those circumstances in which the cause of action is directed at the agency's subjective motivation.