166 F.3d 1019
 60 Soc.Sec.Rep.Ser. 1, 99 Cal. Daily Op. Serv. 912,
1999 Daily Journal D.A.R. 1149
STATE OF CALIFORNIA; DEPARTMENT OF SOCIAL SERVICES, Petitioners,
v.
Donna E. SHALALA, Secretary, The Department of Health and
Human Services, Respondent.
 No. 98-70622.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Dec. 7, 1998.
Decided Feb. 2, 1999.
 
 Robert Van Der Volgen and Frank S. Furtek, Deputy Attorney General, Sacramento, California, for the petitioners.
 Jeffrey Clair, United States Department of Justice, Washington, DC, for the respondent.
 Barbara Jones, Legal Aid Foundation, Los Angeles, California, for the amici.
 Petition for Review of a Decision of the Department of Health and Human Services.
 Before: SCHROEDER, REINHARDT, and HAWKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 The California Department of Social Services ("CDSS") seeks review of a decision of the Secretary of Health and Human Services ("HHS") disapproving CDSS's amendment to its AFDC Foster Care Program State Plan. The Foster Care Program, set forth in Title IV-E of the Social Security Act, 42 U.S.C. § 670 et seq., provides federal matching funds for states that operate foster care plans in compliance with the Act's provisions. CDSS amended its plan to comply with a state court decision interpreting 42 U.S.C. § 672(a). See Capitola Land v. Anderson, 55 Cal.App.4th 69, 63 Cal.Rptr.2d 717 (Cal.Ct.App.1997). HHS took a different interpretation of section 672(a) and therefore disapproved the amendment. We find that we have no jurisdiction to hear CDSS's petition.
 
 
 2
 Both parties concede that there is no statutory provision conferring jurisdiction on this court to review the Secretary's determinations regarding state plan amendments under Title IV-E. 42 U.S.C. § 1316(b) does give the Courts of Appeals jurisdiction to review similar determinations made under Titles I, X, XIV, XVI, and XIX of the Social Security Act. The Foster Care Program, Title IV-E, was established after the enactment of this judicial review provision. Since it is similar in nature to the other cooperative state-federal welfare programs listed in section 1316(b), it is conceivable that Congress's failure to add Title IV-E to section 1316(b)'s list was inadvertent. Congress has, however, revisited section 1316(b) at least once since the enactment of the Foster Care Program in order to remove a reference to Title IV-A (the now-defunct AFDC program). Given Congress's failure to add Title IV-E to the judicial review provision despite its opportunity to do so, we are simply not at liberty to find that Congress has affirmatively vested jurisdiction over Title IV-E cases in this Court.[1] Without such a finding, we may not proceed. See National Treasury Employees Union v. Federal Labor Relations Auth., 112 F.3d 402, 404 (9th Cir.1997).
 
 
 3
 Contrary to CDSS's claim, our holding does not leave CDSS without recourse to the judiciary. CDSS may avail itself of the judicial review provisions of the Administrative Procedure Act ("APA"). See 5 U.S.C. § 702. As we have elsewhere noted, "[u]nless a statute explicitly precludes review ... a federal district court has jurisdiction over APA challenges to agency actions as claims 'arising under' federal law pursuant to 28 U.S.C. § 1331." Parola v. Weinberger, 848 F.2d 956, 958 (9th Cir.1988). A district court would therefore have jurisdiction to hear an APA challenge to the Secretary's action in this case.
 
 
 4
 DISMISSED FOR LACK OF JURISDICTION.
 
 
 
 [1]
 The Secretary may wish to alert Congress to the possibly inadvertent omission of Title IV-E from sections 1316(a)(3) and (b)