State of CALIFORNIA, DEPART-
MENT OF SOCIAL SER-
VICES, Plaintiff,

v.

Donna SHALALA, Secretary of Health
and Human Services, Defendant.

No. CIV.S99–0335 FCD JFM.

United States District Court,
E.D. California.

Sept. 1, 2000.

Bill Lockyer, Charlton G. Holland III,
Frank S. Furtek, Thomas R. Yanger, At-

torney General's Office of the State of California, Sacramento, CA, for the Plaintiff.

Marjorie Shelvy, Yolanda Arias, Silvia Argueta, Erin Shaffer, Legal Aid Foundation of Los Angeles, Los Angeles, CA, Barbara Jones, Legal Aid Foundation of Los Angeles, Los Angeles, CA, for the Intervenor.

Bruce Vignery, AARP Foundation Litigation, Michael Schuster, AARP, Washington, DC, for Amicus Curiae American Association of Retired Persons.

David W. Ogden, Sheila M. Lieber, W. Scott Simpson, United States Department of Justice, Washington, D.C., Paul L. Seave, Joseph E. Maloney, United States Attorney's Office, Sacramento, CA, for the Defendant.

## MEMORANDUM AND ORDER

DAMRELL, District Judge.

Defendant Secretary of Health and Human Services Donna Shalala ("the Secretary" or "HHS") moves this court for an order dismissing this action pursuant to Federal Rule of Civil Procedure 12(b)(6), on the ground that plaintiff, the California Department of Social Services ("DSS"), fails to state a claim upon which relief may be granted. The DSS, intervenor Enedina Rosales ("Intervenor") and *amicus curiae* American Association of Retired Persons ("AARP") filed briefs in opposition to the Secretary's motion.

Also before the court is the Intervenor's motion for summary judgment. The DSS joins in the Intervenor's motion.

For the reasons stated below,[1] the court GRANTS the Secretary's motion to dismiss and DENIES the motion of Intervenor and DSS for summary judgment.

1. Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. *See* E.D. Cal. Local Rule 78–230(h).

2. In 1996, Congress repealed AFDC as a separate program and enacted, in its place, the Personal Responsibility and Work Opportuni-

## FACTUAL AND PROCEDURAL BACKGROUND

This case concerns eligibility for benefits under the federal-state Aid to Families with Dependent Children–Foster Care Program ("AFDC–FC"). The AFDC–FC Program, enacted as Title IV–E of the Social Security Act, provides funds to assist with certain costs of foster care for dependent children. *See* 42 U.S.C. §§ 672, 674, 675(4)(A).[2] The program is jointly funded by the federal and state governments, and the funds are disseminated by state agencies. *See id.* §§ 670–72, 674. To receive matching funds, states must have a foster care plan in place that meets federal requirements, and that disburses funds in accordance with that plan. *See id.* § 671(a). If the state plan complies with the mandatory federal requirements, the Secretary must approve the plan. *See id.* § 671(b).

The California Department of Social Services has a federally-approved foster care plan, and disseminates federal and state funds under that plan. The State's approved plan provides that, to be eligible for AFDC–FC, a child must have been eligible for AFDC with the parent or relative from whom she was removed. *See* Pltf's Complaint for Review of Admin. Action, filed Feb. 24, 1999, Exh. 1 (hereinafter "Complaint"). Thus, if the child was ineligible for AFDC benefits in the home of removal, she will remain ineligible for AFDC–FC benefits in the foster home, even if she would otherwise be eligible for AFDC in the foster home.

### The *Land v. Anderson* Decision

On May 20, 1997, the California Court of Appeal, Second District, issued a decision in *Capitola Land, et al. v. Anderson*, 55 Cal.App.4th 69, 63 Cal.Rptr.2d 717 (1997).

ty Reconciliation Act, Pub.L. No. 104–193 ("Welfare Reform Act"). Title IV–E still incorporates the AFDC eligibility requirements as they existed prior to the enactment of the Welfare Reform Act, however. Thus, for the sake of consistency, this Order shall refer to 42 U.S.C. § 672 as it was worded in 1996, prior to the repeal of AFDC.

Pending before the *Land* court were three separate cases granting writs of mandate, holding that the DSS regulations implementing the AFDC–FC Program were contrary to the plain meaning of Section 672(a). Section 672(a) provides as follows:

Each State with a plan approved under [AFDC] shall make foster care maintenance payments ... with respect to a child who would meet the requirements of [the AFDC program] but for his removal from the home of a relative ... if-

. . . . . .

(4) such child-

(A) received aid under the State plan ... in or for the month in which [a voluntary placement] agreement was entered into or court proceedings leading to the removal of such child from the home were initiated, or

(B) (i) would have received such aid in or for such month if application had been made therefor, or (ii) had been living with a relative ... within six months prior to the month in which such agreement was entered into or such proceedings were initiated, and would have received such aid in or for such month if in such month he had been living with such a relative and application therefor had been made.

42 U.S.C. § 672(a) (1996). The DSS regulations mirrored the Secretary's interpretation of Section 672(a). Under the Secretary's interpretation of Section 672(a), AFDC "linkage" is established if the child was eligible for AFDC in the home of the parent during the month the petition for removal is filed, and either (1) was living in the home of the parent or relative from whom the child was removed; or (2) had been living with that parent or relative within the six months prior to the filing of the removal petition. However, if a child is living with a relative other than the one from whom the child is being removed, the child is ineligible for AFDC–FC payments if removal proceedings are initiated more than six months after the date the child is no longer living with the parent.

The *Land* court concluded that AFDC linkage could be established if the child was living with a relative, other than the one from whom the child was removed, and was eligible for AFDC in the home of that relative in the month the petition for removal was filed. *See Capitola Land,* 55 Cal.App.4th at 84, 63 Cal.Rptr.2d 717. Accordingly, it held that the DSS requirement violated the AFDC–FC statute.[3]

### The State's Response to *Land*

On December 23, 1997, DSS submitted a proposed State Plan Amendment to HHS. *See* Complaint, Exh. 1. The proposed change consisted of an All–County Letter intended to implement the *Land* decision, along with representations that DSS would subsequently amend and submit for review its state regulations implementing *Land.* On February 10, 1998, DSS received notice from the regional office of HHS that the State Plan Amendment was being forwarded to the central office with a recommendation that the Amendment be disapproved. *See id.* Exh. 2. On April 3, 1998, the HHS regional administrator notified DSS it was disapproving the Amendment. *See id.* Exh. 3.

### Appeal of HHS' Disapproval of the State Plan Amendment

After being notified of HHS' disapproval of its proposed State Plan Amendment implementing the *Land* decision, DSS filed a petition for review directly with the Ninth Circuit. On February 2, 1999, the Ninth Circuit dismissed the appeal for lack of jurisdiction. *See California v. Shalala,* 166 F.3d 1019 (9th Cir.1999). The court observed, however, that a district court would have jurisdiction to review of the Secretary's actions pursuant to the Administrative Procedure Act, 5 U.S.C. §§ 701–06 ("APA"). *See id.* at 1020.

### The *Allen* Case

On August 13, 1997, Linda Allen filed a petition for writ of mandate in California state court, seeking to compel the State to provide AFDC–FC benefits. *See Linda*

---

3. The Secretary was not a party to the *Land* case.

*Allen v. Eloise Anderson,* Case No. BS046627 (LA Cty. Sup.Ct., filed August 13, 1997). On February 23, 1998, DSS filed a cross-petition and cross-complaint against the Secretary in order to secure matching funds for any payments that might become owing due to court order. The Secretary then removed the action to the district court for the Central District of California. *See Linda Allen v. Eloise Anderson,* Case No. 98–2128 CBM (C.D. Cal., filed May 1, 1998).

On October 5, 1998, the district court granted the Secretary's motion to dismiss the cross-claim and cross-petition. DSS filed a notice of appeal with the Ninth Circuit on December 4, 1998. The Ninth Circuit dismissed the appeal as moot on October 13, 1999, in light of the August 21, 1998 enactment of California Welfare and Institutions Code section 11402.1.[4]

### The Current Proceedings

The DSS, on behalf of the State of California, filed this action on February 24, 1999, seeking administrative review of the Secretary's disapproval of the State Plan Amendment. *See* 5 U.S.C. § 702. Enedina Rosales, a court-appointed foster parent for her grandson Anthony, intervened in this action by order filed June 24, 1999.

On October 13, 1999, the parties stipulated to stay this action during the pendency of the *Allen* appeal. On November 1, 1999, the parties notified this court of the outcome of the *Allen* appeal, but requested that the stay continue, given DSS's plan to move to vacate the district court judgment in *Allen.* The DSS so moved, and on March 17, 2000, the motion to vacate was granted by the *Allen* court.

The parties then submitted a Joint Status Report on April 3, 2000, requesting that the stay be lifted in this matter. The court approved the request, and re-calendared the Secretary's previously-filed motion to dismiss. Subsequently, on April 14,

2000, Intervenor Rosales filed a motion for summary judgment, in which the DSS joined. Accordingly, this court now addresses the merits of the two pending cross-motions.

### STANDARD

This court's review of the Secretary's decision is governed by the Administrative Procedure Act ("APA"). *See* 5 U.S.C. §§ 701–06. The APA provides that the court may review a final agency action to determine if such action was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A); *Citizens to Preserve Overton Park v. Volpe,* 401 U.S. 402, 414, 91 S.Ct. 814, 28 L.Ed.2d 136 (1971); *Regents of the Univ. of Calif. v. Shalala,* 82 F.3d 291, 294 (9th Cir.1996) (quotation omitted). "Review under the 'arbitrary and capricious' standard is narrow, and a court may not substitute its judgment for that of the agency." *Sierra Pacific Indus. v. Lyng,* 866 F.2d 1099, 1105 (9th Cir.1989) (citation omitted).

■ In questions of statutory interpretation, a federal agency's interpretation, though not binding, must be given great deference by reviewing courts. *See Columbia Basin Land Protection Ass'n v. Schlesinger,* 643 F.2d 585, 599–600 (9th Cir.1981) (citing *Zenith Radio Corp. v. United States,* 437 U.S. 443, 450, 98 S.Ct. 2441, 57 L.Ed.2d 337 (1978); *Udall v. Tallman,* 380 U.S. 1, 16, 85 S.Ct. 792, 13 L.Ed.2d 616 (1965); *Unempl. Comp. Comm'n v. Aragon,* 329 U.S. 143, 153, 67 S.Ct. 245, 91 L.Ed. 136 (1946); *Good Samaritan Hospital, Corvallis v. Mathews,* 609 F.2d 949, 954 (9th Cir.1979) ("if an agency's interpretation of a statute or regulation is not clearly outside its authority, then the courts should defer to the agen-

---

4. Section 11402.1 states in relevant part: "Notwithstanding any other provision of law, until and unless federal financial participation is obtained, no payment of AFDC–FC may be made from either state or county funds on

behalf of a child determined to be eligible for AFDC–FC solely as a result of the decision of the California Court of Appeal in *Land v. Anderson* (1997) 55 Cal.App.4th at 79, 63 Cal. Rptr.2d 717."

cy's expertise"); *Baker v. United States,* 613 F.2d 224, 226–27 (9th Cir.1980)).

■■■ In conducting this deferential inquiry, the reviewing court must ask:

> [first,] whether Congress has directly spoken to the precise question at issue. If the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress. If, however, the court determines Congress has not directly addressed the precise question at issue, the court does not simply impose its own construction on the statute, as would be necessary in the absence of an administrative interpretation. Rather, if the statute is silent or ambiguous with respect to the specific issue, the question for the court is whether the agency's answer is based on a permissible construction of the statute.

*Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 842–43, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984). A permissible construction of the statute is one that "reflects a plausible construction of the plain language of the statute and does not otherwise conflict with Congress' expressed intent." *Rust v. Sullivan,* 500 U.S. 173, 184, 111 S.Ct. 1759, 114 L.Ed.2d 233 (1991).[5]

■■■ The court's review is limited to the administrative record. *See Camp v. Pitts,* 411 U.S. 138, 142, 93 S.Ct. 1241, 36 L.Ed.2d 106 (1973); *Animal Defense Council v. Hodel,* 840 F.2d 1432, 1436 (9th Cir.1988).

### ANALYSIS

Plaintiff and Intervenor argue that the Secretary abused her discretion by interpreting the AFDC linkage provision in a manner more restrictive than the language of the statute. Specifically, they contend, the Secretary's interpretation of Section 672(a)(4) to require AFDC linkage to the home of removal is clearly erroneous, and her decision to disapprove the State Plan Amendment on that basis exceeded her authority and should be set aside. The court disagrees.

On its face, Section 672(a) establishes eligibility for AFDC–FC benefits for a child:

> who would meet the requirements of [the AFDC program] but for his removal from the home of a relative ... if-
>
> .    ·.    .    . ·    .
>
> (4) such child-
>
> (A) received aid under the State plan ... in· or for the month in which [a voluntary placement] agreement was entered into or court proceedings leading to the removal of such child from the home were initiated, or
>
> (B) (i) would have received such aid in or for such month if application had been made therefor, or (ii) had been living with a relative ... within six months prior to the month in which such agreement was entered into or such proceedings were initiated, and would have received such aid in or for such month if in such month he had been living with such a relative and application therefor had been made.

42 U.S.C. § 672(a) (1996). In the Secretary's view, the statute as a whole makes sense only if understood to require AFDC linkage to the home of removal. The Secretary points to the introductory phrase of the statute, specifying that AFDC–FC benefits shall be provided to a child who "would meet the requirements" of AFDC "but for his removal" from a home. *See id.* The statute then goes on to identify the three distinct methods for establishing AFDC linkage, all of which, the Secretary argues, must be read in light of that introductory phrase. Thus, according to the Secretary, in describing the various ways in which AFDC eligibility *prior to* removal can lead to AFDC–FC benefits *after re-*

---

5. *See also Columbia Basin,* 643 F.2d at 600 ("The standard of judicial review is whether the agency interpretation was reasonable. It does not have to be the only reasonable construction or the interpretation that a court would choose if first presented with the question; it only must be a reasonable interpretation.") (citations omitted).

*moval,* all three ways must logically refer to the home of removal in establishing that eligibility.

Plaintiff and Intervenor, by contrast, argue that the Secretary's reading of the statute is unduly restrictive, and adds a requirement not authored, or intended, by Congress. By their construction, Section 672(a) requires only that a child receive, or be eligible to receive, AFDC (with a relative *other than* the one from whom the child was removed) within six months of the month in which the petition for removal is filed.

■ Applying the first prong of the *Chevron* analysis, the competing interpretations of Section 672(a) presented by this litigation compel the conclusion that Section 672(a) is not clear and unambiguous on its face. In fact, both parties rely on inference and "implicit" meanings in reaching their conflicting interpretations of the statute. Accordingly, the inquiry cannot end here.

Turning to the second prong of the *Chevron* analysis, the court concludes that while the Secretary's reading is not the *only* possible interpretation of Section 672(a), it is, nevertheless, a permissible one. Although the statute permits AFDC linkage in any of three ways, it is reasonable to conclude that the necessary AFDC eligibility be established in the home of removal, under each of those three ways.

The Secretary relies primarily on the "but for" introductory clause of Section 672(a) to reach this conclusion. In essence, the Secretary reads Section 672(a) as granting AFDC–FC benefits to a child "who would meet the requirements of [the AFDC program] *[in his home of removal]*

but for his removal," if any of the three requirements outlined in Section 672(a)(4) are met (italicized phrase added). Thus, by the Secretary's reading, all three methods of eligibility are modified by the "but for" clause.

This reading is both logical and permissible, in light of the generally accepted principles of statutory interpretation. *See United States Nat'l Bank of Oregon v. Indep. Ins. Agents of America, Inc.,* 508 U.S. 439, 455, 113 S.Ct. 2173, 124 L.Ed.2d 402 (1993) ("Statutory construction 'is a holistic endeavor,' and, at a minimum, must account for a statute's full text, language as well as punctuation, structure, and subject matter.") (citation omitted); *Aircraft Mechanics Fraternal Ass'n v. Atlantic Coast Airlines, Inc.,* 55 F.3d 90, 94 (2d Cir.1995) ("An individual section of a statute should not be interpreted in isolation but as part of the entire statutory scheme.") (citation omitted).

■■ Because the Secretary's interpretation is a reasonable one, and does not conflict with any clear and express intent of Congress, this court must uphold that interpretation, even where other reasonable interpretations, such as the interpretation proffered by plaintiff and Intervenor, exist.[6] *See Chevron,* 467 U.S. at 842–845, 104 S.Ct. 2778; *see, e.g., Lyng,* 866 F.2d at 1106–07 (deferring to Secretary of Agriculture's reasonable interpretation of statute where its plain language was unclear). Accordingly, plaintiff and Intervenor have not met their onerous burden of demonstrating that the Secretary acted in an arbitrary or capricious manner in denying approval of the State Plan Amendment based upon this reasonable interpretation of Section 672(a).[7]

6. In reaching its decision, the court places no reliance upon the regulations enacted recently by the Secretary which embody the "home of removal" linkage requirement. *See* 65 Fed. Reg. 4020 (2000).

7. The court rejects plaintiff's and Intervenor's argument that the Secretary is bound by the state court decision in *Land v. Anderson,* 55 Cal.App.4th 69, 63 Cal.Rptr.2d 717 (1997), by virtue of the doctrine of privity. The interests

of the state of California and the Secretary are not so closely aligned that one may be considered the virtual representative of the other. *See United States v. ITT Rayonier, Inc.,* 627 F.2d 996, 1003 (9th Cir.1980).

Moreover, because the Secretary never consented to suit in state court and did not exceed her statutory authority, the doctrine of sovereign immunity precludes a finding that the Secretary is bound by the *Land* decision.

## CONCLUSION

1. The Secretary of Health and Human Services' motion to dismiss the complaint is GRANTED.

2. Intervenor Enedina Rosales' motion for summary judgment, as joined by the California Department of Social Services, is DENIED.

3. The Clerk is instructed to close the file.

IT IS SO ORDERED.

See *Aminoil U.S.A., Inc. v. Calif. State Water Resources Control Bd.,* 674 F.2d 1227, 1233 (9th Cir.1982) ("[A] state court may entertain an action against an officer of the federal government only if the United States has waived its immunity by consenting to suit or if the officer has exceeded his statutory or constitutional authority.")

Finally, this ruling does not render the *Land* decision a nullity, as Intervenor contends. The *Land* court struck down a state regulation as inconsistent with a federal statute. This court is not sitting in direct review of that decision; rather, this court has reviewed the action of a federal agency under the standards set forth in the APA, 5 U.S.C. §§ 701–706, and has concluded that the agency action was not arbitrary or capricious. The existence of the *Land* decision does not divest this court of its authority to interpret federal law and to review federal agency action.