ALLIED TECHNOLOGY GROUP,
INC., Plaintiff,

v.

UNITED STATES, Defendant,

and

Monster Government Solutions, LLC,
Defendant–Intervenor.

No. 10–120C.

United States Court of Federal Claims.

Filed Under Seal March 25, 2010.

Reissued for Publication April 2, 2010.[1]

---

1. The Court issued this Opinion under seal on March 25, 2010, and gave the parties seven days, until April 1, 2010, to submit any proposed redactions of competition-sensitive, proprietary, confidential or other protected information. None of the parties submitted any proposed redactions, although Plaintiff filed a response requesting correction of a factual inaccuracy regarding the position held by Linda Brooks Rix. The Court has corrected this factual inaccuracy and releases the Opinion in its entirety.

Frederick W. Claybrook, with whom were Gunjan R. Talati, James G. Peyster, and Lindsay P. Denault, Crowell & Moring, LLP, Washington, D.C., for Plaintiff.

Micheal N. O'Connell, Jr., with whom were Michael F. Hertz, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Bryant G. Snee, Deputy Director, United States Department of Justice, Commercial Litigation Branch, Civil Division, Washington, D.C., for Defendant.

Jacob B. Pankowski, Greenberg Traurig, LLP, Washington, D.C., for Defendant–Intervenor.

## OPINION AND ORDER

WHEELER, Judge.

On February 23, 2010, Plaintiff Allied Technology Group, Inc. ("Allied") filed a post-award bid protest against the issuance of a Blanket Purchase Agreement by the Department of Justice ("DOJ") to Monster Government Solutions, LLC ("Monster") for an automated staffing, recruitment and position classification system. Prior to commencing its action in this Court, Allied, the incumbent contractor, filed an unsuccessful protest before the Government Accountability Office ("GAO"). (Compl. 27.) In this Court action, Allied contends that DOJ's evaluation of proposals and source selection decision were fatally flawed. *Id.* at 1. On March 5, 2010, Allied filed a motion to supplement the administrative record. (Dkt. # 27.) Pursuant to a Court order expediting

responses to Allied's motion, Monster filed its own motion to supplement the administrative record on March 15, 2010. (Dkt.# 33.) The Court herein considers both Allied's and Monster's motions to supplement the administrative record.

Allied seeks to incorporate documents and declarations that it claims provide "an explanation of what is being procured" and "assistance in organiz[ing] ... the record." (Pl. Mot.3.) Specifically, Allied wishes to add the following documents: (1) Declaration of Mr. Richard T. Schulze, Jr., President of RTS Consulting, who reviewed and provided an analysis of the agency's technical evaluation; (2) Declaration of Linda E. Brooks Rix, Co–CEO of Avue Technologies Corporation, explaining the alleged prejudice to Allied of DOJ's errors; and (3) three sets of internet documents relating to past security breaches experienced with Monster's system and product. *Id.* at 3–6. Allied also seeks to admit documents referenced by Mr. Schulze and Ms. Rix in their declarations, namely pages from the Resume Builder section of the USAJOBS website and memoranda from the Office of Management and Budget ("OMB") and the Office of Personnel Management ("OPM") websites prohibiting agencies from collecting social security numbers. *Id.* All of the documents that Allied has submitted were a part of the record before the GAO. (Pl.Mot.3.)

In the second motion, Monster states that it takes no position in response to Allied's motion to supplement the administrative record. (Def. Intervenor Mot. 1.) However, should the Court grant Allied's motion, Monster requests that the Court also admit eleven other documents that it submitted to the GAO. *Id.* Among the documents that Monster has offered are declarations of Monster employees refuting allegations made in Allied's declarations. *See* Def. Intervenor Mot. 2–8; Def. Intervenor App. Ex. 37–43, 44–46 (containing declarations of a business analyst, solutions engineer/program manager, information insurance manager, bid and proposal manager, pricing manager, senior director of engineering, contracts manager, and vice president of engineering for Monster). Additionally, Monster moves to add to the record a chart of requirements listed in the Request for Quotation ("RFQ") to counter Allied's allegations regarding the technical and performance capabilities of Monster's system. (Def. Intervenor Mot. 2; Def. Intervenor App. Ex. 36.) Finally, Monster seeks to supplement the record with a declaration from Mr. Jonathan Avila, Chief Accessibility Officer with SSB BART Group, stating that Allied's system is not compliant with certain RFQ requirements. (Def. Intervenor Mot. 6–7; Def. Intervenor App. Ex. 44.) Monster argues that if Allied's proffered documents are used to supplement the administrative record, then Monster's documents should also be admitted because they "countervail and materially discredit" arguments made by Allied. (Def. Intervenor Mot. 1.)

On March 15, 2010, Defendant filed its opposition to Allied's motion to supplement the administrative record. (Dkt.# 34.) Defendant argues that supplementation is not necessary in this case because the record contains enough evidence to survive a rational basis review. (Def. Resp.3.) Defendant specifically argues that the declarations Allied seeks to incorporate are argumentative, and adding them to the administrative record would transform the Court's review into a *de novo* review. *Id.* at 2–3. Should the Court grant Allied's motion to supplement, Defendant argues in the alternative that, in the interest of fairness, the Court also should grant Monster permission to supplement the administrative record with materials it submitted to the GAO. *Id.* at 6.

Allied argues in its Reply, filed March 18, 2010, that supplementation of the administrative record is appropriate in this case because the documents demonstrate that Allied was prejudiced as a result of DOJ's alleged arbitrary and capricious evaluation. (Pl. Reply 2, 5.) Allied reiterates that supplementation will enable the Court to understand the highly technical nature of the issues in this bid protest, and also will help organize the information currently contained in the administrative record. *Id.* at 4. In the alternative, Allied references the Committee Notes to the Rules of the Court of Federal Claims ("RCFC") in arguing that its evidence of prejudice has an independent basis for being

admitted. *Id.* at 3. The Committee Notes provide:

> Cases filed in this court frequently turn only in part on action taken by the administrative agency. In such cases, the administrative record may provide factual and procedural predicate for a portion of the court's decision, while other elements might be derived from a trial, [or] an evidentiary hearing or summary judgment or other judicial proceedings. This rule applies whether the court's decision is derived in whole or in part from the agency action in the administrative record.

RCFC 52.1, 2006 Committee Notes.

In Allied's Response to Monster's motion, filed March 22, 2010, Allied acknowledges that the declarations Monster seeks to add were part of the record at the GAO and could be admitted on that basis. (Pl. Resp. to Def. Intervenor Mot. 1.) Allied argues, however, that Monster's declarations are largely irrelevant and were submitted for improper purposes. *Id.* Allied asserts that considering Monster's declarations amounts to the Court conducting a *de novo* review. *Id* at 3. However, if the Court grants Monster's motion, Allied argues that Monster's submissions should be accorded little or no weight. *Id.*

Having fully considered the parties' submissions and for the reasons explained below, Allied's motion to supplement the administrative record is GRANTED in part and DENIED in part, and Monster's motion is DENIED. The declarations that Allied has offered were not before the agency at the time of DOJ's procurement decision, and essentially amount to opinion testimony advocating the alleged superiority of Allied's product over Monster's. Monster's declarations also were not before the agency when DOJ made its award decision, and similarly provide no more than opinion testimony intended to refute arguments set forth in Allied's declarations. These materials would not assist the Court in determining whether the agency's award decision was rationally made. Therefore, Allied's and Monster's declarations shall not be included in the administrative record. However, the USA-JOBS screenshot, memoranda from OPM and OMB discussing the Government's policy on safeguarding social security numbers, and the three sets of internet articles addressing Monster's past security breaches ensure the completeness of the administrative record and shall be admitted. Accordingly, the Court's review of this bid protest will proceed using the record initially submitted by Defendant, plus the contents of Tabs 29, 31, 33–34 listed on the administrative record index submitted by Allied. (Dkt.# 27–1.)

*Discussion*

■ The Court of Federal Claims reviews bid protest cases under the standards set forth in the Administrative Procedures Act ("APA"). 28 U.S.C. § 1491(b)(4). Section 706 of the APA provides that this Court may overturn an agency action if it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. 5 U.S.C. §§ 702, 706(2); *see Impresa Construzioni Geom. Domenico Garufi v. United States,* 238 F.3d 1324, 1332 (Fed.Cir.2001). As such, in a bid protest, the Court is tasked with applying the "appropriate APA standard of review ... to the agency decision based on the record the agency presents to the ... court." *Fla. Power & Light Co. v. Lorion,* 470 U.S. 729, 743–44, 105 S.Ct. 1598, 84 L.Ed.2d 643 (1985); *see also Holloway & Co. v. United States,* 87 Fed.Cl. 381, 389 (2009) (noting that the Court must "examine the administrative record of the procurement to determine whether the agency's decision is supported by that record.").

■ As a general matter, when determining whether an agency's action was irrational or arbitrary, "the focal point for judicial review [of the agency's decision] should be the administrative record already in existence, not some new record made initially with the reviewing court." *Knowledge Connections, Inc. v. United States,* 79 Fed.Cl. 750, 759 (2007) (quoting *Camp v. Pitts,* 411 U.S. 138, 142, 93 S.Ct. 1241, 36 L.Ed.2d 106 (1973)). Indeed, the Federal Circuit recently emphasized in *Axiom Resource Management, Inc. v. United States* that the Court's review of bid protests should proceed on the basis of the administrative record before the agency at the time of the procurement decision. 564 F.3d 1374, 1380 (Fed.Cir.2009). The record should not include materials cre-

ated or obtained subsequent to the agency's decision or materials "adduced through discovery by opponents of the agency's action...." *Great Lakes Dredge & Dock Co. v. United States*, 60 Fed.Cl. 350, 359 (2004). Thus, supplementation of the administrative record "should be limited to cases in which the 'omission of extra-record evidence precludes effective judicial review.'" *Axiom*, 564 F.3d at 1380 (quoting *Murakami v. United States*, 46 Fed.Cl. 731, 735 (2000)).

■ The purpose of limiting review to the administrative record before the agency is to guard against courts using new evidence to "convert the 'arbitrary and capricious standard' into effectively *de novo* review." *Murakami*, 46 Fed.Cl. at 735. The principal that a reviewing court is not empowered to conduct a *de novo* inquiry "exerts its maximum force when the substantive soundness of the agency's decision is under scrutiny." *Esch v. Yeutter*, 876 F.2d 976, 991 (D.C.Cir.1989). This is not to suggest, however, that there is an "ironclad rule automatically limiting [the Court of Federal Claims'] review to the administrative record." *GraphicData, LLC v. United States*, 37 Fed.Cl. 771, 779 (1997). On the contrary, supplementation of the agency record "is sometimes warranted in the trial court, even in the bid protest context." *PlanetSpace, Inc. v. United States*, 90 Fed.Cl. 1, 5 (2009) (citing *Walls v. United States*, 582 F.3d 1358, 1380 (Fed.Cir.2009)). Indeed, in certain circumstances, supplementing the record ensures that the Court properly assesses "whether the contracting agency provided a coherent and reasonable explanation of its exercise of discretion." *Impresa*, 238 F.3d at 1333. Nevertheless, the Federal Circuit in *Axiom* makes clear that parties may not supplement the record "with whatever they want." 564 F.3d at 1380. Rather, this Court must first engage in the "threshold determination of whether additional evidence is necessary" prior to granting a party's request to supplement. *See Kerr Contractors, Inc. v. United States*, 89 Fed.Cl. 312, 335 (2009) (noting that the thrust of the *Axiom* decision is that "this court must exercise restraint when considering whether or not to supplement the administrative record in a bid protest."); *PlanetSpace, Inc.*, 90 Fed.Cl.

at 5 (noting that "neither indiscriminate admission nor indiscriminate denial of all materials proffered by the parties is appropriate in a bid protest.").

In this case, Allied essentially seeks to incorporate two types of documents: declarations from individuals either affiliated with or employed by Allied, and publicly available internet materials. To support its position, Allied references RCFC Appendix C, ¶ 22(u), which provides that "core documents relevant to a protest may include, as appropriate ... the record of any previous administrative or judicial proceeding relating to the procurement, including the record of any other protest of the procurement." The purpose of paragraph 22(u) is to ensure that a "full record of all proceedings related to the procurement is before the court for review." *Holloway*, 87 Fed.Cl. at 392; *see also Data-Path, Inc. v. United States*, 87 Fed.Cl. 162, 166, n. 3 (2009); *Acad. Facilities Mgmt. v. United States*, 87 Fed.Cl. 441, 454–55 (2009). However, in light of *Axiom*, the Court must exercise caution prior to incorporating whatever documents were before the GAO without considering whether such documents aid the Court's review. Indeed, on some occasions, the record before the GAO may provide "a framework for an agency's actions." *Holloway*, 87 Fed.Cl. at 392; *see also Bannum v. United States*, 89 Fed.Cl. 184 (2009) (finding evidence submitted before the GAO relevant to the Court's review); *Global Computer Enter. v. United States*, 88 Fed.Cl. 52 (2009) (same). However, in other cases, a protester may use the GAO protest to introduce "extra-record argumentative" submissions or "adduce evidentiary materials that ... were not presented to the agency before it reached a decision on an award." *Holloway*, 87 Fed.Cl. at 392. In the latter cases, "[a] receiving court must be wary" of wholly accepting the GAO record, *id.*, without considering whether the proffered materials are necessary. Moreover, Appendix C, ¶ 22(u) employs the words "may" and "as appropriate," leaving it to the Court's reasoned discretion to determine when materials should be added to the administrative record. Inclusion of documents in the record of a GAO protest is not an automatic ticket that the

same documents will be added to the administrative record before the Court.

After due consideration, the Court finds that the declarations offered by Allied and Monster are not necessary for an effective judicial review because they contain no more than opinion testimony of individuals proclaiming the alleged superiority of one product over another. Allied, for example, seeks to incorporate the declaration of Mr. Schulze, who opined extensively upon the superiority of Allied's automated system, and states his personal views on how he would have conducted the procurement if he were the contracting officer. (Pl.Mot.Attach.Ex.28.) Ms. Rix's declaration similarly offers only her opinion as to the alleged technological advantages of Allied's product. (Pl.Mot.Attach.Ex.30.) All of Monster's declarations simply serve to discredit the opinions and allegations set forth in Allied's declarations. *See, e.g.,* Def. Intervenor Mot. App. Ex. 37 (declaration of Mr. Scott MacBean); Ex. 38 (declaration of Mr. Michael A. Alipio); Ex. 41 (declaration of Ms. Julie Gerner). None of these declarations was before the contracting officer in making his award decision in the procurement. Were the Court to accept such documents into the administrative record, the Court's review of the record would be transformed to *de novo* review, in direct contradiction of the Federal Circuit's holding in *Axiom.*

Allied attempts to convince the Court that its declarations serve to organize the administrative record and provide further explanations, "in layman's terms," of what is being procured. (Pl. Reply 4.) From the Court's perspective, the administrative record is not too long or too complicated for review, and the declarations do not constitute "evidence without which the [C]ourt cannot fully understand the issues." *United Enter. & Assoc. v. United States,* 70 Fed.Cl. 1, 18 (2006) (quoting *Al Ghanim Combined Group Co. Gen. Trad. & Cont. W.L.L v. United States,* 56 Fed.Cl. 502, 508 (2003)). Simply put, the Court does not need Allied's and Monster's declarations to conduct a meaningful review. These declarations will not be considered in the Court's review of the record.

Allied also seeks to supplement the administrative record with other documents, including the Resume Builder section of the USAJOBS website, memoranda from OPM and OMB, and internet news articles pertaining to past security breaches with Monster's product. (Pl. Mot. 5–6; Pl. Reply 5–6.) With regard to the USAJOBS screenshot and the OPM/OMB memoranda, Allied argues that these documents are relevant to determining the proper reading of the "in lieu of" technical requirement for social security numbers in the RFQ and further confirm that Monster's system requires the use of social security numbers through the USAJOBS website. (Pl. Reply 4–5.) Allied additionally argues that the news articles pertaining to Monster's past security breaches should be included in the record because this information was reviewed by a Technical Evaluation Panel member in her evaluation of Monster's system. (Pl. Reply 6; *see also* AR 999.) As previously noted, supplementation of the administrative record may be warranted when the record compiled by the agency does not include all materials referenced by the contracting officer, *NEQ, LLC v. United States,* 86 Fed.Cl. 592, 593 (2009), or when the agency may have failed to consider certain documents in making its decision, *Savantage Fin. Servs., Inc. v. United States,* 81 Fed.Cl. 300, 311 (2008). Because one member of the Technical Evaluation Panel did, in fact, review internet materials pertaining to Monster's past security breaches, the Court grants Allied's request to include that information in the administrative record. Additionally, because the OPM/OMB memorandum and the USAJOBS screenshot were available to and probably should have been reviewed by the agency in making its award decision, they too will be included in the Court's review of the record.

## Conclusion

Based upon the forgoing, Allied's motion to supplement the administrative record is GRANTED in part and DENIED in part, and Monster's motion to supplement the administrative record is DENIED. On or before April 1, 2010, counsel for the parties shall carefully review this Opinion for competition-sensitive, proprietary, confidential, or

other protected information and submit to the Court proposed redactions, if any, before the Opinion is released for publication. The Court has prepared this Opinion with the intent of disclosing the entire contents to the public. Therefore, any proposed redactions must be well supported with an explanation of the specific reasons and authorities.

IT IS SO ORDERED.