**CALIFORNIA INDUSTRIAL FACILITIES RESOURCES, INC., Plaintiff,**

v.

**The UNITED STATES, Defendant,**

and

**Atlantic Diving Supply, Inc., Defendant–Intervenor.**

No. 12–148C.

United States Court of Federal Claims.

April 30, 2012.

Paul F. Khoury, Washington, DC, for plaintiff.

Joseph E. Ashman, United States Department of Justice, Washington, DC, for defendant.

Ronald K. Henry, Washington, DC, for defendant-intervenor.

### RULING ON DEFENDANT'S MOTION TO STRIKE

SWEENEY, Judge.

In this preaward bid protest, plaintiff challenges a request for quotations ("RFQ"), and the proposed award of a delivery order arising from the RFQ, as exceeding the scope of the underlying Special Operational Equipment Tailored Logistics Support Program contracts. Plaintiff attached four exhibits to its complaint, one of which—Exhibit 2—is a copy of a solicitation for a separate program: the Tent/Shelter Tailored Logistics Support Program ("Tent/Shelter solicitation"). Although plaintiff attached the Tent/Shelter solicitation to its protest before the Government Accountability Office ("GAO"), and plaintiff's GAO protest is included in the administrative record filed in this protest, defendant did not include the Tent/Shelter solicitation in the administrative record. De-fendant now moves to strike this exhibit from plaintiff's complaint.

 Pursuant to Rule 12(f) of the Rules of the United States Court of Federal Claims, "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "Courts view motions to strike with disfavor and rarely grant them." *Fisherman's Harvest, Inc. v. United States,* 74 Fed.Cl. 681, 690 (2006). Indeed, striking a pleading is improper if "the referenced material creates no prejudice or confusion" in the court's consideration of the case. *Impresa Construzioni Geom. Domenico Garufi v. United States,* 61 Fed.Cl. 175, 177 (2004), *appeal voluntarily dismissed,* 125 Fed.Appx. 310 (Fed.Cir.2005).

 The parties in this bid protest have cross-moved for judgment on the administrative record. In ruling on such motions, the court is mindful that "the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court." *Camp v. Pitts,* 411 U.S. 138, 142, 93 S.Ct. 1241, 36 L.Ed.2d 106 (1973); *accord Axiom Res. Mgmt., Inc. v. United States,* 564 F.3d 1374, 1381 (Fed.Cir.2009). More specifically, the court reviews an agency's decision on the administrative record that was before the agency at the time it made its decision. *Citizens to Preserve Overton Park, Inc. v. Volpe,* 401 U.S. 402, 420, 91 S.Ct. 814, 28 L.Ed.2d 136 (1971).

 In this case, the court's focus is on the documents that DLA Troop Support considered when issuing the challenged RFQ. Defendant has submitted an administrative record that purportedly includes, among other things, all of the documents considered by DLA Troop Support. Although plaintiff contends that the Tent/Shelter solicitation is evidence that DLA Troop Support knew that it was improper to acquire tents, shelters, and related accessories for conventional needs through the Special Operational Equipment Tailored Logistics Support Program, it has not moved to supplement the administrative record to include the Tent/Shelter solicitation. Because the Tent/Shelter solicitation is

not part of the administrative record before the court, the court declines to consider it when addressing the merits of the protest, and has made this fact clear in its contemporaneously issued Opinion and Order.

Plaintiff is not prejudiced by the court's disregard of the Tent/Shelter solicitation attached to its complaint. As plaintiff acknowledges, the administrative record contains a variety of other documents related to the Tent/Shelter solicitation—including two acquisition plans, the GAO decision sustaining plaintiff's protest regarding the Tent/Shelter solicitation, and the cancellation of the Tent/Shelter solicitation—that describe both its purpose and contents. Because these other documents provide the evidence that plaintiff wants the court to consider—the existence of the Tent/Shelter solicitation and reasons for the GAO's rejection of the Tent/Shelter solicitation—the Tent/Shelter solicitation itself is not necessary for effective judicial review.

■■ Returning to defendant's motion to strike, because the court declines to consider the Tent/Shelter solicitation attached to plaintiff's complaint, the exhibit does not create any prejudice or confusion. However, even if the court considered the Tent/Shelter solicitation, defendant would not be prejudiced because other documents in the administrative record already contain the information that plaintiff wants the court to consider. Furthermore, binding precedent holds that it is proper for the court to deny a motion to strike when it does not consider the challenged documents in its decision-making process. *See, e.g., Grant Cnty. Black Sands Irrigation Dist. (GCBSID) v. U.S. Bureau of Reclamation,* 579 F.3d 1345, 1362 (Fed.Cir. 2009) ("[B]ecause the district court did not rely on any of the contested affidavits that were the subject of the motion to strike in connection with the dismissal order, we need not address the appellants' contention that the district court should not have denied their motion or should not have treated it as moot."); *Brookfield Constr. Co. v. United States,* 661 F.2d 159, 163 n. 8 (Ct.Cl.1981) ("We therefore deny the motion to strike as in effect moot because [it is] directed to an affidavit which has no part in our decision."); *see also Lea Exploration, Inc. v. Dep't of Energy,* 843 F.2d 510, 515 (Temp.Emer.Ct.App.1988) ("We affirm the trial court's denial of the motion to strike since the trial court did not consider the affidavit in rendering its decision...").

Accordingly, the court **DENIES** defendant's motion to strike.

**IT IS SO ORDERED.**