13-1206-cv
*Congregation Machna Shalva Zichron ZVI Dovid v. U.S. Dep't of Agric.*

## UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27ᵗʰ day of February, two thousand fourteen.

PRESENT:
> JOSÉ A. CABRANES,
> SUSAN L. CARNEY,
> CHRISTOPHER F. DRONEY,
> > *Circuit Judges.*

───────────────────────────────────

CONGREGATION MACHNA SHALVA ZICHRON ZVI DOVID,

> *Plaintiff-Appellant,*

> v.                                                                  No. 13-1206-cv

UNITED STATES DEPARTMENT OF AGRICULTURE, NEW YORK STATE EDUCATION DEPARTMENT, FRANCES N. O'DONNELL, Coordinator of the Child Nutrition Program, AUDREY ROWE, in her official capacity as Administrator of the Food and Nutrition Service, MAUREEN LAVARE, in her official capacity as Hearing Officer,

> *Defendants-Appellees.*

───────────────────────────────────

**FOR PLAINTIFF:**                          Y. DAVID SCHARF, Morrison Cohen LLP, New York, NY.

**FOR FEDERAL DEFENDANTS:**       BENJAMIN H. TORRANCE, Assistant United States Attorney (Preet Bharara, United States Attorney for the Southern District of New

York, Emily E. Daughtry, Assistant United States Attorney, *on the brief*), New York, NY.

**FOR STATE DEFENDANTS:**          VALERIE FIGUERDO, Assistant Solicitor General (Eric T. Schneiderman, Attorney General of the State of New York, Barbara D. Underwood, Solicitor General, Steven C. Wu, Deputy Solicitor General, *on the brief*), New York, NY.

Appeal from a March 1, 2013 judgment of the United States District Court for the Southern District of New York (Paul A. Crotty, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that judgment of the District Court is **AFFIRMED**.

Plaintiff Congregation Machna Shalva Zichron Zvi Dovid ("Shalva") appeals from a judgment granting (1) summary judgment in favor of defendants United States Department of Agriculture and Audrey Rowe (collectively, "USDA" or "federal defendants"), and (2) a motion to dismiss filed by defendants Maureen Lavare, Frances O'Donnell, and the New York State Education Department (collectively, "state defendants"). We assume the parties' familiarity with the underlying facts and the procedural history of the case, to which we refer only as necessary to explain our decision to affirm.

### BACKGROUND

As part of the National School Lunch Act, Congress created the Summer Food Service Program, 42 U.S.C. § 1761, which authorizes the USDA to provide states with grants to conduct food service programs for children during the summer, 7 C.F.R. § 225.1. State agencies are responsible for administering the programs by funneling the grants to nonprofit service institutions, 42 U.S.C. § 1761(a)(1)(D), referred to as "sponsors."

From 2005 through 2009, Shalva operated a summer camp that participated in the summer food program. In May 2010, Shalva submitted an application to the New York State Education Department (the "NYSED") seeking to participate in the 2010 summer program. On October 5, 2010, the NYSED denied Shalva's application based on the failure to satisfy criteria contained in USDA regulation 7 C.F.R. § 225.11(c). Shalva brought suit contending that 7 C.F.R. § 225.11(c) was invalid, and that the denial violated its due process rights. On March 1, 2013, the District Court entered judgment dismissing Shalva's claims. This timely appeal followed.

2

**DISCUSSION**

We review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). The complaint must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id.*

We also review a grant of summary judgment *de novo,* viewing the facts "in the light most favorable to the non-moving party and draw[ing] all reasonable inferences in that party's favor." *Cox v. Warwick Valley Cent. Sch. Dist.*, 654 F.3d 267, 271 (2d Cir. 2011). Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted).

**I**

Shalva seeks to enjoin enforcement of 7 C.F.R. § 225.11(c) principally on the basis that the regulation violates the requirements of the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq.* We analyze Shalva's APA claim under the familiar two-step framework of *Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984). After *de novo* review, we conclude that the regulation at issue withstands APA scrutiny substantially for the reasons stated by the District Court in its March 1, 2013 opinion. Namely, it is unclear whether a sponsor that satisfies the statutory criteria of 42 U.S.C. § 1761(a)(3) automatically has a right to participate in the program or whether those criteria are mere baseline requirements. Moreover, the regulation is neither arbitrary nor capricious because the USDA has justifiably determined that broad-based criteria promote sponsor accountability.

Shalva also claims that the federal defendants failed to comply with the requirements of the Regulatory Flexibility Act ("RFA"), 5 U.S.C. § 601 *et seq.*, by not conducting a "regulatory flexibility analysis" and reviewing the regulation periodically. *See* 5 U.S.C. §§ 604(a), 610(a). Shalva's claim, however, is time-barred by the one-year statute of limitations on judicial review established in Section 611 of the RFA. Because Shalva's claim is procedural in nature, we reject Shalva's argument that the statute of limitations should be inapplicable to its claim. *See, e.g., Sai Kwan Wong v. Doar*, 571

F.3d 247, 263 (2d Cir. 2009); *Schiller v. Tower Semiconductor Ltd.*, 449 F.3d 286, 293-94 (2d Cir. 2006). Accordingly, the District Court properly dismissed the claims against the federal defendants.[1]

## II

Shalva asserts claims against the state defendants under 42 U.S.C. § 1983 for alleged violations of its Fourteenth Amendment due process rights. In *Edelman v. Jordan*, 415 U.S. 651 (1975), the Supreme Court stated that "a suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment." *Id.* at 663. After *de novo* review, we agree with the District Court that any judgment on Shalva's section 1983 claims might require the NYSED, a state agency, to provide the funds Shalva expended in running the 2010 program. Accordingly, sovereign immunity bars such claims.

Shalva also asserts a claim under Article 78 of New York's Civil Practice Laws and Rules, alleging that the manner in which the NYSED denied its application was arbitrary and capricious. To confer federal question jurisdiction, this claim must involve a "substantial [federal issue], indicating a serious federal interest in claiming the advantages thought to be inherent in a federal forum." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 313 (2005). As the District Court rightly concluded, the determination at issue here is a fact-specific application of the regulations to Shalva that does not implicate the validity of the regulations themselves, or have any other broader effect on federal interests. Accordingly, the District Court properly dismissed this claim without prejudice to pursuing such a claim in an Article 78 proceeding.

## CONCLUSION

We have considered all of the arguments raised by Shalva on appeal and find them to be without merit. For the reasons stated above, we **AFFIRM** the District Court's March 1, 2013 judgment.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[1] Shalva also claims that the District Court erred in declining to permit Shalva to take discovery or supplement the administrative record. However, the District Court's ruling, which is reviewed for abuse of discretion, was proper because the existing administrative record provided a sufficient basis to decide this case. *See Camp v. Pitts*, 411 U.S. 138, 142 (1973).