# In the United States Court of Federal Claims

No. 16-376C
(Filed under seal April 21, 2016)
(Reissued April 29, 2016)
NOT FOR PUBLICATION

```
* * * * * * * * * * * * * * * * *
                                  *
                                  *
BOARD OF REGENTS OF               *
THE NEVADA SYSTEM OF              *
HIGHER EDUCATION,                 *
on behalf of THE DESERT           *
RESEARCH INSTITUTE,               *
                                  *
        Plaintiff,                *
                                  *
    v.                            *
                                  *
THE UNITED STATES,                *
                                  *
        Defendant,                *
    and,                          *
                                  *
OAK RIDGE ASSOCIATED              *
UNIVERSITIES,                     *
                                  *
        Defendant-Intervenor.     *
                                  *
* * * * * * * * * * * * * * * * *
```

## ORDER

As discussed at today's hearing, Frank T. Haseltine, Jr.'s application for access to protected information is **GRANTED** over defendant-intervenor's objection. In support of his application Mr. Haseltine has represented to the Court, *inter alia*:

(1) that he currently has no formal relationship, as an employee or in any other capacity, with either plaintiff or its proposed subcontractor Gate 6 Solutions;

(2) that, aside from his involvement in this protest, he will **never** do any work in connection with the solicitation which is the subject of this

procurement or any other procurement which may result from this protest, should it be successful, or any follow-on procurement;

(3) that he will not work for either plaintiff or Gate 6 Solutions on any project for the next **two years**; and

(4) that, for the next **two years**, he will not engage or assist in the preparation of a proposal or submission responding to any solicitation which contains any of the subject areas from the statement of work for this procurement.

In light of these representations, the Court has concluded that, given the one-off nature of Mr. Haseltine's involvement as an outside consultant regarding the solicitation, there exists very little risk of an inadvertent disclosure of protected information to a competitor of intervenor. *See U.S. Steel Corp. v. United States*, 730 F.2d 1465, 1468 (Fed. Cir. 1984).

Additionally, as the Final Source Evaluation Board (SEB) Report indicates that "in many cases, it was necessary for [SEB] advisors to personally review the proposals and make recommendations to the SEB," AR at 2214, the Court has concluded that these recommendations constitute information considered or relied upon by the agency in making its evaluations. *See Orion Int'l Techs. v. United States*, 60 Fed. Cl. 338, 343–44 (2004) (explaining that "the record may be supplemented with . . . information relied upon but omitted from the paper record"); *cf. Gulf Grp. Inc. v. United States*, 61 Fed. Cl. 338, 347 (2004) (denying a request that "would likely not have contained additional facts or information considered by" an agency).‡ Thus, it is "necessary in order not 'to frustrate effective judicial review,'" *Axiom Resource Management, Inc. v. United States*, 564 F.3d 1374, 1381 (Fed. Cir. 2009) (quoting *Camp v. Pitts*, 411 U.S. 138, 142–43 (1973)), that this information considered by the SEB be added to the administrative record. Accordingly, any documents or records which reflect the recommendations or advice given to the SEB by its advisors, including any requests for such input when necessary to understand the advisors' responses, shall be added to the administrative record.

Concerning the other requests for supplementation, the only close question was the request for the award fee letters (and accompanying performance evaluations) sent to intervenor, the incumbent performing the work solicited, for the past five years. The Final SEB Report states that, in evaluating past performance,

---

‡ The Court also notes that the Source Selection Plan allowed for each "[a]dvisor's evaluation as input to the SEB voting member discussions"; described the advisors' "provision of additional information as requested by the SEB voting members"; and specified that the SEB would evaluate proposals "considering the input from the various advisors." AR at 52, 56.

the SEB considered "close-at-hand information."  AR at 2216.  Government counsel has determined that neither the SEB members nor the Source Selection Official (SSO) considered the award fee letters in evaluating the intervenor.  Def.'s Opp'n to Pl.'s Request for Add'l Docs. at 10.  Because these officials may have had access to these letters and reports, defendant will submit a declaration or declarations confirming that neither the award fee letters and reports nor the information contained in them were considered by the SEB or SSO in evaluating intervenor's past performance.  All of plaintiff's other requests to supplement the administrative record are **DENIED** for the reasons stated on the record.

The Court also **GRANTED** plaintiff's motion for leave to file its reply in support of its discovery motion out-of-time, and defendant's request to amend the administrative record with additional past performance information that was considered by the agency.  Defendant shall, on or by **Friday, April 22, 2016**, file a status report indicating the number of days it anticipates needing to locate and assemble the additional materials to be added to the administrative record.

**IT IS SO ORDERED.**

s/ Victor J. Wolski
**VICTOR J. WOLSKI**
Judge